## S. M. PETTIT, Respondent and Appellant, v. S. J. CARPENTER, Appellant and Respondent.

**Kansas City Court of Appeals, December 17, 1900.**

1. **Trust and Trustees:** CONTRACT TO RELEASE LAND FROM MORTGAGE: BREACH: MEASURE OF LIABILITY. Defendant agreed to protect plaintiff's land from a certain mortgage debt and failed to do so. The mortgage was foreclosed and through a deed from the purchaser defendant acquired the title. Held, he was trustee for the plaintiff and having disposed of some of the land and claiming the whole, he became liable at plaintiff's election for the value thereof.

2. ————: ————: ————: PLAINTIFF'S CONTRACT: THIRD PARTY. After defendant had undertaken to pay the mortgage debt and release the land, and before the foreclosure, plaintiff and defendant by a contract with a third party which was subsequently rescinded, conveyed the land with other lands and plaintiff shared in the profits of the trade and its rescission, but was left as the owner of the land. Held, the transaction did not concern

Pettit v. Carpenter.

the defendant and it does not lie in his mouth to say that prior to the foreclosure the plaintiff had made money out of a trade in which the land for a time played a part. Adhered to on motion for rehearing.

3. ——— : ———: ——— : MEASURE OF RECOVERY. Defendant failed to keep his agreement to release twenty acres of ground from a mortgage and became the purchaser at the foreclosure sale. He sold twelve acres for $1,300 and retained the eight acres which the evidence showed to be worth from $60 to $80 per acre; the defendant failed to testify for himself. *Held,* that he was liable for the amount of money. realized from the sales and for at least $60 per acre for the remaining eight acres. Adhered to on motion for rehearing.

Appeal from the Grundy Circuit Court.—*Hon. Paris C. Stepp,* Judge.

REVERSED AND REMANDED *(with directions).*

*Harber & Knight* for respondent.

(1)   The plaintiff's own evidence in this case shows that he was not injured, that he lost none of the property by reason of defendant's failure to pay off the $600 mortgage as agreed, and therefore he is entitled to no damage.   Chinn v. Wagoner, 26 Mo. App. 678; Ewing v. Reilly, 34 Mo. 113; Griswold v. Shelleck, 15 N. W. Rep. 151; Linder v. Lake, 6. Ia. 164; Leonard v. Bishop, 42 Wis. 470; Wilson v. McEvry, 25 Col. 169.   (2)   This case is undoubtedly not a trial of titles, but the sole question for decision is, whether plaintiff sustained damage by defendant's breach of contract, and hence if plaintiff traded his land to Anderson & Co. for an interest in their store, and then traded that interest to Carpenter for forty acres of land, which he still retains, it can be of no consequence and he certainly can not complain whether his deed was in technical form or not.   Benevolent Society v. Murray, 145

Mo. 622; Dunlap v. Green, 60 Fed. Rep. 242; 1 Jones on the Law of Real Property in Convey., secs. 244, 245.

*Platt Hubbell* for appellant.

ELLISON, J.—Plaintiff sued defendant for $1,000, the petition being afterwards amended so as to claim $2,000. He recovered judgment for $1,000. Both parties appealed.

One Hazen owned twenty acres of land in or near Trenton in Grundy county on which he had placed a mortgage to secure a note of $600 given to one Speck. The defendant contracted with Hazen to pay off this note and release the land. Hazen then sold the land to plaintiff and transferred to him defendant's obligation or agreement to protect the land from the mortgage by paying the note. Defendant failed to pay the note and in consequence Speck had the land sold and bought it in at the sale. Defendant and Speck afterwards made an agreement whereby the latter deeded the land to defendant and gave him up the note for $600 and the mortgage. Defendant afterwards sold parts of the land for sums aggregating $1,300, and yet has eight acres left.

This transaction standing alone amounts to no more than if defendant had himself bought the land at the mortgage sale. In such case he would hold it in trust for plaintiff. And having disposed of parts of it, and claiming the whole, he is liable, at plaintiff's election, to the value thereof.

But defendant claims that by reason of other matters plaintiff has not been damaged by defendant's conduct. He claims that plaintiff sold the land to a partnership styled Anderson & Co., and got full value for it. It is by this defense that much complication is added to the case and has made it exceedingly difficult to comprehend. We will eliminate, as unnecessary to an understanding of the case, a great deal of confusing detail.

It appears that the aforesaid firm of Anderson & Co. owned a stock of merchandise and that before the twenty acres was sold under the Speck mortgage, plaintiff and defendant traded and conveyed the twenty acres and a sixty-four acre tract adjoining, making eighty-four acres, to the Andersons for the stock of goods, the conveyance being made to the firm "Anderson & Co." The twenty-acre piece was covered by a mortgage distinct from the one for $600 aforesaid and the sixty-four acre piece also had an incumbrance. The Andersons soon concluded that they had been beaten in the trade (that the lands were not worth more than the incumbrance) and set to work to rescind. They tendered quitclaim deeds re-conveying the twenty acres to plaintiff and the sixty-four acres to defendant. These were refused. Then a compromise was suggested and finally brought about and its provisions put down in writing. While this compromise is a full settlement between all the parties, it says nothing of what became of the lands deeded to the Andersons and which they offered back, nor what became of the stock of goods. It appears that so far as the lands are concerned all parties seem to have treated them and the title to them, as though they had never been deeded to Anderson & Co. and still belonged to plaintiff and defendant respectively. But in the compromise with Anderson & Co. plaintiff was left with a profit in the whole transaction with them of about $500.

Now we have not been able to ascertain what concern it is of defendant's that plaintiff sold the twenty acres after defendant agreed to protect it from the Speck mortgage. That sale was afterwards practically rescinded and plaintiff in the end did not part with it to the Andersons. He would yet be the owner of the land but for defendant's breach of his agreement to pay the Speck mortgage. Defendant has simply stepped into plaintiff's place without leave. By that breach of his contract defendant became the owner of the land for the

Speck mortgage debt of $600. He thereby made a large profit to himself; a profit founded upon his violation of his contract with plaintiff. He can not be allowed to do that. It does not lie in his mouth to say that prior to this, plaintiff made some money out of a trade in which the land, for a time, played a part.

The ground of plaintiff's cross-appeal is that the trial court erred in fixing the value of the twenty acres at $1,000. He claims that the undisputed evidence fixes its value at double that sum. There was evidence tending to show that defendant had received $1,300 for twelve acres and that he had eight acres undisposed of. Defendant himself failed altogether to testify at the trial. One witness stated the land was worth .$2,000, though it was "put in in our trade at $1,800." Another witness stated the tract was worth "from sixty to eighty dollars per acre." That is to say, from twelve to sixteen hundred dollars. Since defendant has sold at different times an aggregate of twelve acres for $1,300, that amount should be considered in making up the sum of plaintiff's claim, and we have concluded to rate the remaining eight acres at sixty dollars per acre, making $480, or a total of $1,780; and we will reverse the judgment and remand the cause with directions to enter judgment for the latter sum. All concur.

### ON MOTION FOR REHEARING.

ELLISON, J.—Plaintiff deeded to Anderson & Co. his twenty acres subject to an incumbrance of $1,700, and defendant deeded to Anderson & Co. his sixty-four acres subject to an incumbrance of $2,200, said Anderson & Co. assuming and agreeing to discharge these incumbrances. These deeds were non-effective (Arthur v. Weston, 22 Mo. 383; Douthitt v. Stinson, 63 Mo. 268), at least so far as the legal title was con-

Pettit v. Carpenter.

cerned, and the Andersons realizing that they had made a bad trade and complaining to defendant about it, they offered to rescind and tendered quitclaim deeds which were refused. Yet afterwards a settlement or compromise was had to which we refer in the original opinion, whereby the matters between plaintiff and defendant on the one part and the Andersons on the other part were adjusted. In this settlement it is not made to appear what became of the land conveyed by plaintiff. Certain it is that the Andersons never regarded themselves as the owners. They never took possession or claimed it, or exercised ownership over it; on the contrary, they disclaimed in testimony any interest in it. They never attempted to pay the incumbrance on it. We regard the face of the record, taken as a whole, as establishing that the land was regarded all 'round, after the settlement, as belonging to plaintiff, as if no Anderson trade had taken place.

But plaintiff and defendant adjusted plaintiff's share of the profit in the Anderson trade and fixed it at $500, which defendant paid him by deeding a tract of land to him and he, defendant, taking plaintiff's interest in the goods.

Defendant argues that plaintiff having sold the land to Andersons for the goods and then having sold his interest in the goods to defendant, he can not complain of the loss of the twenty acres by reason of defendant's failure to pay off the Speck mortgage. If defendant's view of the facts of the case and his conclusions therefrom were all admitted, it would leave the twenty acres of land belonging to the Andersons until sold under the Speck mortgage which plaintiff warranted against, and would therefore leave plaintiff liable on his warranty to the Andersons and therefore injured by defendant's failure to keep his contract. We do not, of course, mean to say that such is the injury plaintiff has sustained. We only refer to it in answer to the assertion that the sale to Andersons by plaintiff

relieved defendant of all consequences of his breach of contract.

Aside from the considerations mentioned in the original opinion in this cause, a prominent feature only mentioned in that opinion may be repeated more at large. The petition charges fraud and breach of trust on defendant in direct terms. That he fraudulently "so manipulated said tract of land as to have it conveyed to himself" and that he received large profit and gain by such conduct. In all the complication of evidence adduced at the trial, defendant never offered explanation or volunteered his testimony. In circumstances of that nature the presumption of the truth of plaintiff's theory will obtain. Conn. Mut. Ins. Co. v. Smith, 117 Mo. 261, 294; Cass Co. v. Green, 66 Mo. 512; Leeper v. Bates, 85 Mo. 224. This presumption forces itself into belief when considered in connection with plaintiff's testimony, that after all the matters connected with the transaction had transpired, defendant frequently promised to settle with him for his conduct; thus recognizing a liability to plaintiff, and showing how he interpreted his engagements and the effect of his undertaking. By failing to testify, defendant failed to contradict plaintiff, and leaves the statement to be accepted by the trier of the facts.

It is complained that the valuation of the land is placed too high and it is suggested that the court ought not to state the value of the twelve acres sold by defendant was $1,300. But what else can we do within the rules of evidence? It was agreed at the trial that defendant's deeds conveying the twelve acres stated considerations aggregating that sum. No evidence was offered to the contrary, notwithstanding the petition charges that "the facts concerning the sales lie peculiarly within the knowledge of defendant." We are thus compelled to consider that defendant received for the different tracts making up the twelve acres a sum aggregating $1,300.

Our conclusion on the whole case is that no reason exists for a rehearing and the motion will be overruled. All concur.