ARTHUR, Plaintiff in Error, v. WESTON and STRODE, Defendants in Error.

1. A conveyance of real estate to W. W. P. & Co., only operates to transmit the legal title to W. W. P.

*Error to Jackson Circuit Court.*

This was an action in the nature of ejectment for the possession of certain lots in Independence. Both parties claimed under Azariah Holcomb, who, by deed, dated December 29, 1832, conveyed said lots to "W. W. Phelps & Co." On the 11th of January, 1838, W. W. Phelps, Oliver Cowdry and John Whitmore conveyed to the plaintiff.

The defendant, Strode, claimed title by regular conveyances, under an execution sale in 1835, upon a judgment against W. W. Phelps and Oliver Cowdry.

At the trial before the court without a jury, the plaintiff offered to prove that at the date of the conveyance from Holcomb to W. W. Phelps & Co., said firm was composed of Phelps, Cowdry and Whitmore ; but this evidence was excluded, to which the defendant excepted. The court below declared the law to be, that the deed to W. W. Phelps & Co. operated to vest the legal title in W. W. Phelps only, and that the entire title passed by the sheriff's deed under the execution sale, and was vested in the defendant, Strode, and gave judgment accordingly.

The plaintiff brought the case here by writ of error.

*Adams*, for plaintiff in error ; that the deed to W. W. Phelps & Co. vested the legal title in the parties composing the firm, cited 4 Kent, 462 ; 1 American Lead. cases, 336, 341 ; 1 Brock. 463 ; Story on Partnership, § 101 ; 2 Brock. 150.

*Hicks* and *Bone*, for defendants in error, cited 4 Mass. Rep. 424 ; 3 Sumner, 435, 470, 471 ; 2 Johns. cases, 321 ; Jackson v. Sisson, 9 Johns. Rep. 73 ; Jackson v. Carey, 8 Johns. Rep. 385 ; Cole v. Cole, 15 Johns. 159 ; 3 Kent's Comm. (6th ed.) p. 37, 38 ; Bacon's Abridg. tit. Evidence, letter G. tit. Grants, letter C. ; Story on Partnership, (3d ed.) § 92.

LEONARD, Judge, delivered the opinion of the court.

The question here is, whether the deed from Holcomb to W. W. Phelps & Co. can be allowed to take effect as a legal conveyance of the land to Phelps, Whitmore and Cowdry, the persons composing the partnership, upon parol proof of that fact, and we think it can not. The question, it is to be observed, is as to legal rights, and not as to the equities of the parties ; and we may further observe, it is not merely whether the grantor intended to convey to the persons composing the firm, but whether the partnership style is as a matter of law a good

name of purchase, in a conveyance of real property, sufficient to pass the legal title to all the individuals of the firm. It is thus seen, that this is not altogether a question of intention, but mainly a question of law ; not whether the grantor intend- ed to convey the lot to Phelps, Whitmore and Cowdry, but whether these three persons are sufficiently, in point of law, designated in the deed as the grantees by the name or descrip- tion of "W. W. Phelps & Co." A conveyance of real prop- erty being required by the statute to be put in writing, the party who is to take as grantee must be sufficiently ascertain- ed by the written instrument, or it is a nullity so far as it pur- ports to effect a transfer of the legal title. It is obvious, how- ever, that the parties may be described with various degrees of certainty ; and the question here is, what is a sufficient descrip- tion, in this respect, in a conveyance of real property ? The highest degree of certainty was probably obtained by the an- cient feoffment, where the parties and the land were all present, and the land conveyed was delivered by the grantor into the possession of the grantee. In the ordinary transactions of life, however, individuals are usually and sufficiently designated by their proper names, and these in our law are deemed sufficient in all legal transactions, without any further description. This however seems to have been otherwise in ancient Egypt, as ap- pears by a deed made two thousand years ago, and recently found in Upper Egypt, in a tomb by the side of a mummy, pro- bably that of the owner, where the parties are identified not only by their names, but by a minute description of their per- sons—the seller, as " aged about forty-five years, of middle stature, dark complexion, handsome person, bald, round-faced and straight nosed ;" and the purchaser, as " aged about forty years, of middle stature, yellow complexion, cheerful coun- tenance, long face, and straight nose, with a scar upon the mid- dle of his forehead." (4 Kent's Com. 8th ed. 513.)

But, however this may be elsewhere, it is certain that, under our law, the parties, even to a legal conveyance of real property, may be identified either by their names, without any further

description, or by matter of description only. In Shepherd's Touchstone, (title " Grant," p. 235, 236, 237,) it is said : " If the grant be by deed, the grantee must be sufficiently named, or at least set forth and distinguished by some circumstantial matter, and that he be so named or described as that he may be capable by that name whereby he is set forth. Regularly, it is requisite that the grantee be named by his names of baptism and surname, and so it is most safe ; and yet if the grant do not intend to describe the grantee by his known name, but by some other matter, then it may be good by a certain description of the person, without either surname or name of baptism. And therefore, a grant to the wife of J. S., or to the first son, or the second son, or the youngest son, or to all the sons, or all the daughters, or to all the children, or to all the issue of J. S., or to the next of blood of J. S.; in these cases, grants made to these persons in these words are good, for the person is certainly enough described. But if a grant be made to the parishioners or inhabitants of Dale, or to the good men of Dale, or to the commoners of such a waste, or to the lord and his tenants, bond and free, these are not good grants ; for albeit these persons are capable, they are not capable by these means, (for want of identity or that certainty which the law will allow to be tried)." So it is said (3 Bac. Abr. title " Grants," letter C, p. 378 & 379) : " A grant to George, Bishop of Norwich, when his name is John, or to Henry, Earl of Pembroke, when his name is Robert, is good ; for there can not be more persons of those names. A grant to an Abbot, by the name of the foundation without his name of baptism, is good, if there be not any more Abbots in England of the same name of foundation. If a grant be made to a father and his son, he having but one son, the grant is good, for the apparent certainty of it ; but if the father have several sons, it is void, for uncertainty." In Jackson v. Sisson, (2 Johns. cases, 321,) the patent was to three persons by name, " for themselves and their associates, being a settlement of Friends, on the west side of Seneca Lake ; to have, and to hold,

for themselves and their associates"—and the question being as to the legal title, Kent, Justice, said : "There was no legal estate created by the patent but what vested in the three patentees named. The description of the association by the words, "a settlement of Friends, on the west side of Seneca Lake," was too vague and uncertain to constitute a competent grantee at law, or a cestuique use, whose estate the statute would transfer into possession. (Saunders on Uses, 63, 128.) It (the patent) is to J. P., W. P. & T. H., for themselves and their associates, being the settlement aforesaid; and, therefore, from the words of the grant, as well as from the uncertainty of the description, it is evident that the associates had only an interest in equity, and that Parker, and the others, were vested with the legal estate as trustees for the association."

We repeat, the only question in the present case is, whether the description the deed gives of Phelps, Whitmore and Cowdry is of " that certainty which the law will allow to be tried," so as to constitute these persons competent grantees in a legal conveyance of real property. The objection here is not to the admission of the parol proof, merely as such; for such evidence is admissible, to some extent, to determine the application of every written instrument. It is always received to show the correspondence of the parties claiming, and the thing claimed, with the description given of them in the deed. The descriptive matter, whatever it may be, must be in the deed, or in some other written instrument to which the deed refers; but the evidence, that a particular person or thing answers to the description, is necessarily by parol. To this extent, we must always look outside of the instrument, to ascertain what is meant by it. Neither does the objection here turn merely on the fact, whether or not it be possible, by means of the description, to ascertain the persons intended. That was possible in several of the cases referred to, especially in the New York case; for the Judge there admits, that although the description given would be insufficient as a legal description of the persons to take as the grantees of the legal estate, they were yet sufficient

to create a valid trust in favor of the same persons, and that under the instrument the three grantees held the legal estate in trust for their associates. In a case from Maine, (Beoman v. Whitney, 20 Maine Rep. 420,) this question as to the effect of a deed to Whitney, Watson & Company, came up collaterally, and the court said, "who Whitney and Watson were is well known, and was proved in the case. If the other persons embraced under the general term, Company, could not take as grantees, Whitney and Watson who were named could, and thus they would hold for themselves and in trust for those associated with them, and this is sufficient to give operation to the conveyance." By reference to the adjudged cases, it is seen what matter of description the law deems equivalent to a proper name in designating the parties to a conveyance. In all of them it was of those particulars by which the persons were quite as well known in their neighborhoods as by their proper names, and which of course were of as easy proof; and in some of them the parties were better known by the description than by their names. Such, however, we do not think is the character of the present descriptive matter. There may be, and no doubt are, many cases in which persons would be quite as readily known in their neighborhoods by their partnership's style as by their proper names; but it is quite evident, that in other cases, especially if the partners were numerous, or any of them were dormant, it would be a matter of no little trouble, and of a good deal of uncertainty at least, to ascertain who were the persons that really took under the description.

It is a matter of great interest to the country, that its land titles should be kept as free as possible from uncertainty. For this purpose, the law has required them to be put in writing, and in order to give them publicity, has also required that they be put upon a public registry. That these provisions may be effectual for the purposes for which they were intended, the rules of the common law, as to the designation of the parties, must be maintained in their vigor. None of the adjudicated cases go to the length that we are now asked to go, and we

think the public good forbids such a relaxation of the common law rules upon this subject. The case of Hoffman v. Porter, (2 Brock, 158,) to which we have been referred, does not go the length of the present case, and besides the decision was made on the circuit, and given with great hesitation by the eminent Judge who made it. The case was treated as a deed to the father, and that one of his sons that was in partnership with him, which was deemed a sufficient designation of the particular son intended, and may be likened to the case of the deed to A. and his son (Cro. Jac. 374), where the uncertainty as to the son was removed by proof that the party had but one son.

We must not, however, be misunderstood; our present decision refers to the transfer of the legal estate only, and does not touch the equitable rights of the parties growing out of the transaction. It is not to be extended to the disposition of personal property, nor are we to be understood as declaring, that the same rule would be applicable to a devise of real property; but the point decided is confined to the very case now before us — a legal conveyance inter vivos of real property.

Judge Ryland concurring, the judgment is affirmed.