Rodney v. Landau.

---

RODNEY, *Appellant*, v. LANDAU *et al.*

DIVISION ONE.

1. **Vested Remainder.** A vested remainder is a fixed interest to take effect in possession after a particular estate has expired.

2. ———— : CONTINGENT REMAINDER. The vested or contingent character of the remainder is determined not by the uncertainty of enjoying the possession but by the uncertainty of the vesting of the estate.

3. ————. The remaindermen are vested ones when they are ascertained, and are to take and enjoy the possession immediately on the death of the life-tenant.

4. **Joint Tenancies:** STATUTE. While joint tenancies are not abolished in this state, still, under General Statutes, 1865, page 443, section 12, to create such a tenancy there must be an express declaration to that effect in the instrument creating the estate.

104  251
110  631
104  251
56a  567
104  251
133  256
104  251
93a  ²281

5.  **Wills, Recording of:** NOTICE ; STATUTE.  The question of notice under Revised Statutes of 1879, section 3991, requiring a will devising lands to be recorded in each county in which the land lies, can arise, if at all, only where there are adverse claimants under the same grantor.

*Appeal from St. Louis City Circuit Court.*

REVERSED AND REMANDED.

*Wilson Cramer* for appellant.

(1) Plaintiff acquired and holds the interest of James E. Reily whose title passed by descent to his infant daughter, from her to her mother, Julia, who became the wife of plaintiff, and by residuary clause to her will devised the same to plaintiff. *Rodney v. McLaughlin,* 97 Mo. 427. (2) Under the will of their father, James E. and Mary Jane Reily took a vested remainder in fee in the after-acquired property, subject to the life-estate of their mother. *Chew v. Keller,* 100 Mo. 362 ; *Waddell v. Waddell,* 99 Mo. 338 ; *De Vaughn v. McLeroy,* 10 S. E. Rep. 211 ; *Bunting v. Speck,* 21 Pac. Rep. 288 ; *Watson v. Cressey,* 10 Atl. Rep. 59. They were either tenants in common, or joint tenants. If tenants in common, then, upon the death of his sister, James E. Reily inherited one-half of her share and so owned three-fourths—if joint tenants, he became by survivorship the owner of the whole. (3) James E. and Mary Jane Reily were joint tenants. R. S. 1889, sec. 8916 ; *Suydam v. Thayer,* 94 Mo. 55. There is such an express declaration in the will as to create a joint tenancy even under General Statutes, 1865, page 443, section 12. (4) The court rightly admitted in evidence the will of Julia Rodney. *Rodney v. McLaughlin,* 97 Mo. 426 ; *Keith v. Keith,* 97 Mo. 223 ; *Drake v. Curtis,* 88 Mo. 644. (5) The question of notice can arise only in cases where adverse claimants hold under the same grantor by inconsistent transfers. Such is not the fact

here.  3 Washb. Real Prop. [3 Ed.] p. 285, sec. 53; *Crockett v. Maguire*, 10 Mo. 34; *McCamant v. Patterson*, 39 Mo. 100; *Aubuchon v. Bender*, 44 Mo. 560; *Railroad v. Moore*, 45 Mo. 443; *Rodney v. McLaughlin*, 97 Mo. 426.  ( 6 )  Partition sales carry no warranty of title.  George Schade, under whom defendants claim, bought subject to the rule of *caveat emptor*.  *Stephens v. Ellis*, 65 Mo. 456.

*Cecil V. Scott* and *H. A. Hauessler* for respondent.

( 1 )  The estate conveyed to Elizabeth C. Reily by the will of James I. Reily, by the one clause of said will, was made a determinable fee by the operation of the clause in said will under consideration.  ( 2 )  The controlling guide to a court, in construing a will, is to ascertain the intention of the testator, and words used are to be understood in the sense indicated by the whole instrument.  *Smith v. Hutchinson*, 61 Mo. 83; *Turner v. Timberlake*, 53 Mo. 371; *Allen v. Chaney*, 63 Mo. 279; *Crecelius v. Horst*, 78 Mo. 566; *Chew v. Keller*, 100 Mo. 362.  ( 3 )  If the estate devised by the will under consideration to Elizabeth C. Reily should not be considered a determinable fee as suggested, then it incontestably follows that the remainder in James E. and Mary Jane was contingent, and upon their death prior to their mother was vested in her.  *Thompson v. Luddington*, 104 Mass. 193; *Emison v. Whittlesey*, 55 Mo. 254; *Aubuchon v. Bender*, 44 Mo. 560; *Olney v. Hull*, 21 Pick. 331; *Delassus v. Gatewood*, 71 Mo. 371, and subsequent cases citing the foregoing too numerous to mention.  ( 4 )  The court erred in admitting the will of Julia A. Rodney over defendants' objection; said will not having been recorded in the city of St. Louis, where the property in question was situated, was not admissible as foundation of plaintiff's claim.  R. S. 1879, sec. 3891; *Thornton v. Miskimmon*, 48 Mo. 219; *Youngblood v. Vastine*, 46 Mo. 239; *Kennedy v. Northrup*, 15 Ill. 148; *Keith v. Keith*, 99 Mo. 223; *Graves v.*

*Wait,* 99 Mo. 17; *Gaven v. Allen,* 100 Mo. 294. Every interest in real estate granted or devised to two or more persons other than executors and trustees and husband and wife shall be a tenancy in common, unless expressly declared in said grant or devise to be in joint tenancy. R. S. 1879, sec. 3949; 1 Washburn on Real Estate [ 3 Ed.] 554, and cases cited; *Davis v. Smith,* 4 Harrington ( Del.) 68.

BLACK, J.—This is an action of ejectment brought by Charles E. Rodney to recover a parcel of land in St. Louis. Margaret Schade defends for herself and her tenant, Landau. Both sides claim title under James I. Reily who acquired the property by deed dated November 25, 1863.

James I. Reily died in 1865, leaving a will which was executed in 1860 at Cape Girardeau where he then resided. The will was probated at St. Louis in May, 1865, where the testator resided at the time of his death. The property, it will be seen, was acquired by Reily after the date of the will and comes under the clause hereafter mentioned concerning after-acquired property, the construction of which clause presents one of the questions in this case.

The will begins by saying: "I hereby will and bequeath to Élizabeth C. Reily, my wife, all my property, money, stocks, claims, rights in action and effects of every nature whatsoever," and, after appointing her executrix, says "subject to the following bequests." The testator gives directions concerning the education of his two children, and then gives to his son, James E. Reily, two parcels of real estate in the city of Cape Girardeau and six lots in Cairo in the state of Illinois, and to his daughter, Mary Jane Reily, the dwelling-house property in the city of Cape Girardeau, and a named and designated lot in St. Louis. It is then declared: "Provided that, after the decease of their mother, and after Mary Jane shall have attained the age of twenty-one

years, each of them shall choose a discreet householder of the city of Cape Girardeau, whose duty it shall be to select another man of judgment and discretion, which three persons shall proceed to value all the property herein willed to James E. Reily and Mary Jane Reily, separately, and under a statement in writing of such valuation, which shall be binding, if signed by them or a majority of them; such valuation of each one's part shall be so applied, as to divide the balance of the estate equally between them, considering the property herein-before bequeathed as part of the whole estate. The Concannon shop lot, or any other property herein not bequeathed, or hereafter acquired by me, shall belong to my wife, Elizabeth C. Reily, during her lifetime, and afterward be joint property, transferable by joint deed of James E. and Mary Jane Reily, or either of them may sell their interest in such property after the decease of their mother, and Mary Jane attains the age of twenty-one years."

Mary Jane Reily died in April, 1870, intestate and without issue, leaving her mother and brother surviving her. James E. Reily died in December, 1870, intestate as to the property in question, leaving a widow, Julia Reily, and an infant daughter named Mary Jane. This infant daughter died in April, 1871, leaving her mother, Julia Reily, as her sole heir. Julia Reily thereafter married the plaintiff, Charles E. Rodney. She died in 1876, leaving a will with a residuary clause in favor of the plaintiff, by virtue of which he claims the property in suit.

The defendants claim title under Elizabeth C. Reily, the widow of James I. Reily. She died in 1879, subsequent to all of the before-mentioned dates, leaving a will whereby she devised the property in question to Edward S. Lilley. Partition proceedings were had between persons claiming under Elizabeth C. Reily and Edward S. Lilley, which resulted in the sale of the property to George Schade in November, 1881. The defendant,

Margaret Schade, is the devisee of George Schade. The plaintiff, Charles E. Rodney, was not made a party to the partition proceedings, nor were the heirs of Julia Rodney.

That part of the will of James I. Reily which relates directly to the property in question provides that "any other property  *  *  *  hereafter acquired by me shall belong to my wife, Elizabeth C. Reily, during her lifetime, and afterward be joint property, transferable by joint deed of James E. and Mary Jane Reily, or either of them may sell their interest in such property after the decease of their mother, and Mary Jane attains the age of twenty-one years."

As has been said, James E. Reily survived his sister, and the mother survived him. If he had no title to any part of the premises when he died, then the plaintiff cannot recover. The defendants insist that he had no interest and assign two reasons therefor : *First*, that Elizabeth C, Reily took a fee, subject only to the condition that if James E. and Mary Jane survived her, then her estate would cease ; *second*, that James E. and Mary Jane at most had only a contingent remainder which never vested.

We do not see upon what possible grounds the first of these propositions can be sustained. It is by no means clear that Mrs. Elizabeth C. had anything more than a life-estate in any of the property. It is true that the testator begins by saying he bequeaths to his wife "all" of his property, moneys, etc. ; but this is immediately followed by the words, "subject to the following bequests." After giving to the children certain specified property, he provides that the property so given to them shall "after the decease of their mother, and after Mary Jane shall attain the age of twenty-one," be valued separately, and the value of each one's part shall be so applied, as to divide the balance of the estate equally between them "considering the property hereinbefore bequeathed as part of the

whole estate." The words last quoted seem to embrace the property before devised and bequeathed to Elizabeth C., and, since it is that property which is to be divided after her death, it may well be concluded that she took but a life-estate. If she had but a life-estate in the property first given to her, then there is no foundation whatever for the claim that she took more than a life-estate in the after-acquired property. But be all this as it may, the gift to the wife made in the first part of the will is comprehensive enough to cover all of the property of the testator, and is made "subject to the following bequests." This gift to the wife in such general and comprehensive terms must, therefore, yield to any and all subsequent provisions of the will; for that is the clearly declared intention of the testator. When we come to the after-acquired property there is no room for doubt, for he gives to his wife a life-estate only and that too in clear and unmistakable terms.

The next question is whether the children took a vested or contingent remainder in this after-acquired property. This subject of vested and contingent remainders has been considered in two recent cases in this court. *Waddell v. Waddell*, 99 Mo. 342, and *Chew v. Keller*, 100 Mo. 366. They show that a vested remainder is a fixed interest to take effect in possession after a particular estate is spent. The vested or contingent character of a remainder is determined, not by the uncertainty of enjoying the possession, but by the uncertainty of the vesting of the estate. In the early case of *Jones v. Waters*, 17 Mo. 589, the testator devised the property to his wife "for and during her natural life, and after her death to descend to her children by me, equally, share and share alike." The will in that case, it was held, created a vested remainder in the children, because the devisees in remainder were ascertained by the will, and were to enjoy the estate as soon as the estate for life ended. Had the will in that case

said, "and after her death to descend to her children by me, *living at her death*," the remainder would have been contingent, because no one could tell whether any of the children would survive the mother.    It was because of this uncertainty as to the persons who were to take in remainder that the remainder was held to be contingent in each of the following cases cited and relied upon by the defendant:    *Aubuchon v. Bender*, 44 Mo. 560 ; *Emison v. Whittlesey*, 55 Mo. 254 ; *DeLassus v. Gatewood*, 71 Mo. 372.    In the case in hand the devisees in remainder are pointed out by the will itself, and there is no contingency whatever in that respect, so that the cases just mentioned do not in the least support the claim of the defendants in this case.

The word "afterward," used by the testator, simply denotes the time when the devisees in remainder shall have possession and full enjoyment of the property, and does not create a contingency.    Enough was said upon this subject in *Chew v. Keller; supra*.    It is also true that the testator goes on to say when the devisees in remainder may sell, and it may be conceded that he intended they should not dispose of their interests in the property until the death of the life-tenant and Mary Jane arrived at the age of twenty-one.    But these are limitations on the power of disposition and have nothing to do with the vesting of the estate.    In *De Vaughn v. McLeroy*, 10 S. E. Rep. 211, the testator gave his wife $3,000, and directed his executors to invest the same in a settlement of land for her.    He then devised the land so to be purchased to his wife, for life, and made it the duty of the executors to manage the property for her, and after her death to sell the land and divide the proceeds between his children.    It was held the children took a vested remainder in the property so purchased, and that the directions to sell the land upon the death of the life-tenant did not make the estate of the children a contingent remainder.

Now in this case the devisees in remainder are ascertained, and they are to take possession and enjoy the estate immediately upon the death of the life-tenant, and that they took a vested remainder we have no doubt whatever. The circuit court, therefore, erred in holding that upon the death of James E. and Mary Jane Reily the property became the absolute estate in fee of Elizabeth C. Reily.

The next question is whether these remaindermen were tenants in common or joint tenants. According to the statute an interest in real estate granted or devised to two or more persons, not executors, trustees or husband and wife, is a tenancy in common, "unless expressly declared, in such grant or devise, to be in joint tenancy." R. S. 1865, sec. 12, p. 443. Now, while the testator speaks of this property as their "joint property" transferable by "joint" deed, still there is no express declaration that it is to be held by them in joint tenancy. It is quite common to speak of property as joint property when nothing more is meant than ownership of the same property by different persons. The policy of the American law is opposed to survivorship, and that policy is clearly indicated in our statutes. While joint tenancies are not abolished in this state, still to create such a tenancy there must be an express declaration to that effect in the deed or will creating the estate, and that is not done by the will of James I. Reily. *Purdy v. Purdy*, 3 Md. Ch. 547, is in point and to the same effect.

As these children took a vested remainder as tenants in common, it follows that at the death of Mary Jane Reily her undivided half passed to her mother, Elizabeth C., and brother, James E., in equal parts, thus giving Elizabeth C. Reily the undivided one-fourth. This interest the defendant acquired under the partition sale. The three-fourths interest held by James E. Reily passed to his infant daughter, and at her death to her

mother who became Julia Rodney, who devised the same to the plaintiff.

But the defendants insist that the exemplification of the record of this will of Julia Rodney should have been excluded, because not recorded in St. Louis within six months after the probate thereof. The will bears date September 6, 1876, and was duly probated in Cape Girardeau county on October 20, of the same year, that county being the residence of the testatrix; but a copy of the will was not recorded in St. Louis until the twenty-eighth of November, 1885, a few days after the commencement of this suit. Where, as here, a will is duly probated in one county in this state, a certified copy of the record of the same and the probate thereof may be read in evidence in the courts of any other county. But section 3991 of Revised Statutes, 1879, provides in substance that where lands are devised, a copy of the will shall be recorded in the recorder's office in the county where the land is situate, and, if the lands are situate in different counties, then a copy of such will shall be recorded in the recorder's office in each county within six months after probate.

This section was first enacted in 1870, and it does not provide what the effect of a failure to record the will in the recorder's office shall be. Counsel for the defendants insist that the object of the statute was to give notice of the will to persons dealing with the property, that it "was intended to prevent just such results as plaintiff here contends for; that is, by virtue of an unrecorded will he can come here and take this property from *bona fide* innocent purchasers for value under a partition sale had among the heirs at law at the date thereof." For all the purposes of this case, but without so holding, let it be conceded that persons dealing with the land will not be charged with constructive notice of the will, unless it is recorded in the recorder's office of the county where the land is situated; still all this does not benefit the defendants in the least. In the

first place defendants are not claiming this land under partition proceedings to which the heirs of Julia Rodney were parties.   She held the title to three-fourths of this property, and she died long before the partition proceedings were commenced, and her heirs were not made parties to those proceedings.   The defendants acquired and by their title papers claim to have acquired nothing from or under her or her heirs.   The question of notice can only arise when there are adverse claimants under the same grantor, and there is no such conflict of title in this case.   If Julia Rodney had died intestate, her interest in the property would have passed to her father, mother, brothers and sisters, and not to Elizabeth C. Reily, or to any other person or persons through whom the defendants claim.   The failure to record the will of Julia Reily does not affect the defendant's title. Give to the statute in question all the force and effect that is claimed for it by the defendants, or that can possibly be claimed for it, still the probated will of Julia Reily is good as a transfer of title as between her devisee and all persons not claiming under her heirs at at law.   *Rodney v. McLaughlin*, 97 Mo. 426.

The judgment is, therefore, reversed and the cause remanded.   BARCLAY, J., not sitting; the other judges concur.