LEMMONS, Appellant, v. REYNOLDS et al.

Division One, November 26, 1902.

1. **Deeds and wills: TENANCY IN COMMON: JOINT TENANCY: SURVIVORSHIP BY CLASS.** The common-law rule in reference to the right of survivorship by a member of a class to the whole property granted or devised to individuals as members of a class, is expressly abolished by statute in Missouri. And by the statute every grant or devise of real estate to two or more persons—executors, trustees and husband and wife excepted—is declared to create a tenancy in common and not a joint tenancy, unless expressly declared in such grant or devise to be a joint tenancy. This has been the statute since 1865, and with the exception as to husband and wife since 1835.

2. **Devise To Two Persons: CO-TENANTS.** Where there is a devise to two or more persons and no express declaration that they are to hold as joint tenants, the statute makes them tenants in common.

3. ———: ———: JOINT TENANCY: SURVIVORSHIP TO CLASS. Testatrix had one son by her first husband, to whom she gave one dollar. By her second husband she had three children, one a daughter, to whom she gave forty acres, and the other sons, James and John, to whom she gave the land in suit, and provided that these "three children named" should pay all her debts. One of these three, John, died before testatrix's death. There was no express declaration making these three joint tenants. *Held*, that the devise to James and John was not a devise to a class, with survivorship in James as to the whole property upon John's death, but the will under the statute made them tenants in common, and as John died prior to testatrix she died intestate as to John's share, and his share at her death went in equal parts to the three surviving children of testatrix. Nor does it matter that the intention of testatrix was to create a class with survivorship, and thereby disinherit her child by the first marriage, since a testate's intention can not prevail over the clear meaning of the statute. (Overruling Crecelius v. Horst, 9 Mo. App. 51; s. c., 78 Mo. 566.)

4. Wills: INTENTION OF TESTATOR: CONFLICT WITH STATUTE. The rule that the intention of the testator shall be sought and effectuated in construing and enforcing wills, is subject to the qualification that that intention must not conflict with an inflexible statute.

Appeal from Pike Circuit Court.—*Hon. D. H. Eby.* Judge.

REVERSED AND REMANDED.

*I. C. Dempsey* and *Tapley & Fitzgerrell* for appellant.

(1) The common-law rule relating to survivorship has been abolished except as to husband, wife and trustees. It requires an express declaration to create a joint tenancy. The effect of the decree of the circuit court is to retain and apply the ancient rule. R. S. 1899, sec. 4600; Rodney v. Landan, 104 Mo. 251. (2) The old doctrine relating to survivorship in cases of gifts to classes does not apply In other jurisdictions under statutes abolishing joint tenancies, it is held that a devise, such as is here under consideration, lapses. Strong v. Ready, 9 Hum. (Tenn.) 168; Coley v. Balance (Winston's Equity), 60 N. C. 89. (3) The two sons John

and James are designated in the will by their individual names, not as a class, hence they are presumed to take as individuals, although they may be regarded as constituting a class and should be held to be tenants in common. 13 Am. and Eng. Enc. Law (1 Ed.) 60, 61; Id., vol. 18, p. 748; Dildine v. Dildine. 32 N. J. Eq. 78; Murphy on Remainder's 10, 11; Harris' Trust. 2 Sim. N. S. (Eng.) 106; Peales' Estates, 3 W. N. C. (Pa.) 134; Drakeford v. Drakeford, 33 Beav. (Eng.) 43. (4) The general rule is that where the legatee or devisee dies before the testator, the legacy or devise lapses. Martin v. Lachasse, 47 Mo. 593; 2 Redfield on Wills (3 Ed.), p. 157. The testator must not only declare that the legacy or devise shall not lapse, but point out how it is to be kept on foot. 2 Redfield, supra, p. 163; Appeal of Trustees of University of Pa., 97 Pa. St. 187; Barnett's Appeal, 104 Pa. St. 342. Hannah A. Reynolds having been a slave at the time her children were born, they are all capable of inheriting from her. R. S. 1899, sec. 2820. (5) The rule in Crecelius v. Horst, 9 Mo. App. 51, and 78 Mo. 566, has no application in this case. The Crecelius children took as residuary devisees and not as specific devisees. The distinction is sharply drawn at page 53, 9 Mo. App. But these rulings can scarcely be regarded as authority in the case here presented, being in the main contrary to the general doctrine, and two of the five judges refused to concur in the conclusion of the commissioner. (6) The clause in the will giving appellant one dollar must be taken to have been inserted only for the purpose of the disposition made by the will, and does not have effect to exclude him from taking his share of the property that is not disposed of. 29 Am. and Eng. Ency. of Law (1 Ed.), 510, and notes. A direction that one of the next of kin shall take no share in the testator's property will not prevent him from taking his share under statutes of distribution. Johnson v. Johnson, 4 Beav. 318; Sykes v. Sykes, L. R. 4 Eq. 200; L. R. 3 Ch. 301.

*Pearson & Pearson* and *J. E. Thompson* for respondents.

(1)   The doctrine that a testamentary disposition lapses by the death of the devisee, in the lifetime of the testator, is not now extended beyond the cases which fall clearly within the rule.   Martin v. Lachasse, 47 Mo. 592.   (2)   The controlling guide in the construction of wills is the intention of testator.   And this intention is to be gathered from a consideration of the whole instrument, and the general design and scope of it, giving to each part its fair and usual meaning.   Turner v. Timberlake, 53 Mo. 371; Allison v. Chaney, 63 Mo. 279; Reinders v. Koppelman, 94 Mo. 338; Preston v. Brant, 96 Mo. 552; Chew v. Keller, 100 Mo. 362.   The intention must be determined from the words of the instrument as applied to the subject-matter and the surrounding circumstances.   Nichols v. Boswell, 103 Mo. 151; Watson v. Watson, 110 Mo. 164; Owen v. Eaton, 56 Mo. App. 563.   In construing a will, the testator's intention governs, and that construction should be given which prevents the failure of a gift.   Crecelius v. Horst, 9 Mo. App. 51, s. c., 78 Mo. 566.   (3)   A devise to a class, though as tenants in common, will not lapse by the death of one of the devisees before the testator, but the survivor takes the whole.   Crecelius v. Horst, supra. The Crecelius children took as tenants in common, and not as joint tenants.   2 Woerner's Law of Adm'r. (1 Ed.), sec. 434, p. 937.

MARSHALL, J.—This is a suit to partition about an acre of land, being a part of the southwest quarter of section 24, township 53, of range 3, in Bowling Green, Pike county.   The property belonged to Hannah A. Reynolds, a colored woman.   The plaintiff and the defendants, James C. Reynolds and Willie Ann Turner, are her children.   She also had another child, John W. Reynolds, who predeceased his mother.   All of said children were born prior to 1861, while she was a slave, and the plaintiff had a different father from the others. She died in the year of 1899, testate.   By her will she devised a certain forty-acre tract to her daughter, Willie Ann Turner, one of the defendants, and then the will

provides as follows: "Second, I will to my two sons James Conda Reynolds and John W. Reynolds the following described real estate"—describing it and it being the property in suit here—"and my said three children named above are to pay all of just debts. Third. I will to my son David Lemmons one dollar, it being all I give to him except what I have already advanced to him."

The plaintiff claims an undivided one-third portion of the part of the lot devised to John W. Reynolds, admitting that his sister and brother are entitled to the other two-thirds thereof, by virtue of the statute of descents, because John W. Reynolds predeceased their mother and died intestate, and without issue. The sister and brother claim that the devise to John and James was a devise of property to a class, composed of James and John, and that upon the decease of John before the death of the testatrix, James as the surviving member of the class became immediately entitled to the whole property. The trial court so construed the will and held that the plaintiff was not entitled to any part of the property, and the plaintiff appealed.

### I.

The conclusion of the trial court was largely induced by the case of Crecelius v. Horst, 9 Mo. App. 51; Ibid., 78 Mo. 566. In that case it appeared that the testator had been twice married. By the first marriage he had, at the time of making the will, two children. By the second marriage he had one child. He made a will whereby he devised one dollar to the child of the second marriage; to his second wife he devised only so much as the law of the State entitled her to; and the residue of his property he devised to the two children of the first marriage. One of those two children died, intestate and without issue, before the death of testator, and the child of the second marriage claimed one-half of the share of such deceased child. The St. Louis Court of Appeals held that the intention of the testator

was to disinherit the child of the second marriage, and that to permit her to recover any part of the portion bequeathed to the child of the first marriage, who died before the testator, would be to defeat the intention of the will, and, therefore, construed that the devise to the children of the first marriage was a devise to a class and that upon the death of one member of the class during the life of the testator, the whole estate passed to the survivor of the class. This case was affirmed by a majority of this court (Ibid, 78 Mo. 566), and the reasoning of the Court of Appeals was adopted. That case is, therefore, in all essential particulars like the case at bar, and of course was controlling authority upon the trial court in this case.

The case of Hall v. Stephens, 65 Mo. 670, was referred to by the Court of Appeals in the Crecelius case. And the case of Arthur v. Weston, 22 Mo. 378, was referred to in Hall v. Stephens. In Hall v. Stephens, the devise was to "H. S. & family," and it was pointed out that the wife of "H. S." was included in the designation of "family," and furthermore that both at common law and under our statute (G. S. 1865, p. 443, sec. 12, being section 4600, R. S. 1899) where a devise was to a husband and wife, they took as joint tenants and not as tenants in common, and that where the devise was to husband and wife and others named, the husband and wife took only a single share because they represent a single unit or integer of legal identity. Whether this would be true under the present statute is not involved in this case and hence is not decided. It was also pointed out that in Arthur v. Weston, 22 Mo. 378, Judge LEONARD said a deed to W. W. Phelps & Co. conveyed title to W. W. Phelps alone, but that the judge was careful to say that whether such would be the effect if it had been a devise instead of a grant the court did not decide. It was further pointed out that the statute in force when Hall v. Stephens was decided expressly declared that "every interest in real estate granted or devised to two or more persons, other than to executors or trustees or to husband and wife, shall be a tenancy in

common, unless expressly declared in such grant or devise to be in joint tenancy,'' and that this enactment so far as it affects a grant or devise to a husband and wife was in conformity to previous judicial construction and to the rule at common law.

It will be observed that neither Arthur v. Weston, nor Hall v. Stephens, affords any support to Crecelius v. Horst, for the legal questions involved were not at all alike. It ought also to be observed that in Arthur v. Weston, a supposed difference in the rule in cases of a devise of real property from the rule that obtained as to a grant of real property, because a grant was a conveyance *inter vivos,* was suggested, and that in Hall v. Stephens it was said that a liberal construction was adopted in case of a will because it was supposed to be drawn *"inops consilii."* But both cases failed to note that while such reasons and rules obtained at common law, no such thing is now possible, but that deeds and wills in such matters are placed by the statute of this State upon exactly the same footing, and the common-law rule in reference to the right of survivorship by a member of a class to the whole property granted or devised to individuals as members of a class is expressly abolished, and that under the statute every grant or devise of real estate to two or more persons—executors, trustees and husband and wife excepted—is declared to create a tenancy in common and not a joint tenancy unless expressly declared in such grant or devise to be a joint tenancy. [R. S. 1899, sec. 4600.] This provision of the law has been on the statute books of this State in its present shape ever since 1865. [G. S. 1865, p. 443, sec. 12.] And with the exception of the provision as to husband and wife has been a part of the law of this State ever since 1835.

This provision of law was overlooked in the cases referred to, and if it had been considered by the Court of Appeals should have led to a different result in the Crecelius case.

In that case, as in the case at bar, there is a devise of real estate to two persons, and there is no express

declaration in the will that they are to hold as joint tenants. Therefore, the express mandate of the statute that it shall be a tenancy in common, applies and controls. It is essentially true that the intention of the testator shall be sought and effectuated in construing and enforcing wills, but this rock-ribbed rule of construction, so strictly and faithfully followed in this State, is subject to this very vital qualification, to-wit, that it must not conflict with any inflexible rule or requirement of law. Such is the case here. The statute has declared the effect of a conveyance or devise of real estate in the event that the grant or devise does not expressly declare that a joint tenancy is intended. No such intention is expressly declared in this will, nor was there any such in the will involved in the Crecelius case. It is, therefore, not within the power or province of the courts, under any rule of interpretation or to carry out an unexpressed intention of the grantor or testator, to construe such a grant or devise to be a joint tenancy, for the statute says it is a tenancy in common.

Grantors or testators who do not wish the statute to apply and to create only a tenancy in common, are given the right to so arrange it, but they must expressly declare in the grant or devise that a joint tenancy is intended, or else the courts must construe it to be a tenancy in common. There is no distinction under the statute between a deed and a will in this regard.

It necessarily follows that the case of Crecelius v. Horst, 9 Mo. App. 51, Idem, 78 Mo. 566, was improperly decided, and it is therefore overruled. It also follows that the judgment of the trial court which was bottomed upon that case is erroneous and must be reversed. Other questions are presented by the pleadings and record in this case, but as they were not decided by the lower court, being cut out by the holding that the plaintiff had no interest in the land, it is not necessary to refer to them.

The result is that the will devised the property to James and John as tenants in common and not as joint

tenants and that upon John's death, intestate and without issue, his undivided share passed to his next of kin under the statute of descents.

The judgment of the circuit court is reversed and the cause remanded to be proceeded with in accordance herewith. All concur.