STATE OF MISSOURI at the relation of MATHILDA S. ASHAUER, and MATHILDA S. ASHAUER, as Executrix of the Estate of CHARLES ASHAUER, Relator, v. JEFFERSON D. HOSTETTER, WILLIAM DEE BECKER and EDWARD J. McCULLEN, Judges of the St. Louis Court of Appeals.—127 S. W. (2d) 697.

Court en Banc, May 2, 1939.

*George W. Wellman* and *Charles A. Lich* for relators.

*John E. Corvey* for respondents.

PER CURIAM:—This case is in certiorari to quash the record and opinion by the St. Louis Court of Appeals in Peer v. Ashauer, 102 S. W. (2d) 764. The term relator, instead of relatrix, is used for the most part in the pleadings and briefs and we use it here. The Peer case was to construe the will of Charles Ashauer, deceased, and to partition. It is claimed by relator that respondents' opinion, construing said will, is in conflict with the latest controlling decisions of this court in two respects. First, it is contended that the ruling that clause 4 of the will should be construed to devise to relator and her sister, Adelia Ashauer Peer, as tenants in common, conflicts with the rulings of this court in Grace v. Perry et al., 197 Mo. 550, 95 S. W. 875; Gardner v. Vanlandingham et al., 334 Mo. 1054, 69 S. W. (2d) 947; Nichols v. Boswell, 103 Mo. 151, 15 S. W. 343; Garth v. Garth, 139 Mo. 456, 41 S. W. 238. Second, it is contended that the ruling that the will did not create a life estate in relator in the real property at 2733 Chippewa Street, St. Louis, conflicts with the ruling by this court in Barkhoefer v. Barkhoefer et al. (Mo.), 204 S. W. 906. The cases cited on the first alleged ground of conflict all hold to

the effect that in construing a will the intention of the testator controls if such does not violate some rule of law. The Barkhoefer case, cited on the second alleged ground of conflict, concerns the question of whether or not a life estate was devised.

■ For the facts we look to the opinion, and from the opinion it appears that Adelia Ashauer Peer and Mathilda S. Ashauer, relator, are daughters of the testator. Mrs. Peer filed the suit against Mathilda, and Mathilda filed demurrer to the petition, alleging that it did not state facts sufficient to constitute a cause of action. The demurrer was sustained, and the petition was dismissed. The plaintiff, Mrs. Peer, appealed to this court, but the cause, for lack of jurisdiction here, was transferred to the St. Louis Court of Appeals. [Peer v. Ashauer, 92 S. W. (2d) 154.]

The first count of the petition alleges that the testator died in St. Louis, August 16, 1932, seized in fee of certain real property in St. Louis, including the real property known as 2733 Chippewa Street, with the improvements thereon consisting of a house, garage, and other buildings; that his sole heirs at law were his two daughters, Adelia and Mathilda; that the will was ambiguous, uncertain, and indefinite; that the plaintiff, Adelia, was "unable to determine her interests in testator's real estate without the construction of said will by the court."

The fourth clause of the will reads as follows: "Fourth: I give, bequeath and devise all my real estate to my two beloved daughters, Mathilda S. Ashauer and Adelia Peer, *as tenants by the entirety*; with proviso that if my daughter, Adelia Peer, survive my daughter, Mathilda S. Ashauer, then she shall hold the same for her sole and separate use and benefit and free and clear of any and all marital rights of her present husband, Joseph Peer; and with the further proviso that my beloved daughter, Mathilda S. Ashauer, shall have the sole right to occupy the house on lot one in city block No. 1640 of the City of St. Louis, State of Missouri, being now known as 2733 Chippewa Street, so long as she shall live." (Italics ours.)

The fifth clause was: "Fifth: I hereby direct that all rents and income from all my other real estate shall be collected by my daughter, Mathilda S. Ashauer, and applied by her toward the payment of the costs of administering my estate, taxes, insurance, and all obligations necessarily incurred for the upkeep of said real estate, except the real estate located at 2733 Chippewa Street, unless my said daughter, Mathilda S. Ashauer, shall choose to live elsewhere and rent out the same. The balance of said rents and income shall be equally divided between my said daughters, Mathilda S. Ashauer and Adelia Peer, once each year, commencing one year after my death, if there is sufficient cash on hand at that time from such rents and income. For the service rendered by my said daughter, Mathilda S. Ashauer, in collecting the rents and income from the aforesaid real estate, she may retain 5 per cent of the gross receipts therefrom."

The opinion as to the second count of the petition states: "The second count (partition) of plaintiff's petition adopts by reference the allegations of the first count, and alleges in addition thereto that the administration of the estate has not been completed; that the personal property in the estate is not sufficient to pay the debts proven against the estate; and that the real estate therein described 'will be required to settle said obligations, and that, therefore, plaintiff makes Mathilda S. Ashauer, in her capacity of executrix of Charles Ashauer, a party defendant;' that 'plaintiff is informed and believes, and therefore alleges, that by virtue of the will of said Charles Ashauer, deceased, duly probated, she and defendant Mathilda S. Ashauer are each seized of an undivided one-half interest in the real estate hereinbefore described as tenants in common; that the location, condition and improvements of said real estate are such that partition thereof in kind cannot be made without great injury to same and damage to the owners thereof . . .' "

The grounds of the demurrer to the second count were that the petition "on its face shows that the property described therein is not subject to partition, and that it does not state facts sufficient to constitute any cause of action against defendant, and that the court is without jurisdiction to order the sale of the real estate described in the petition to satisfy the debts of said estate."

As to clause 4 of the will respondents ruled: "By paragraph 4 of the will the testator gives his two daughters his real estate 'as tenants by the entirety,' but it needs no citation of authorities that the attempted creation of an estate by the entirety in the two daughters is unavailing since such an estate can exist only between husband and wife, and since Section 3114, Rev. St. of Mo. 1929 (Mo. Stat. Ann., sec. 3114, p. 1940) provides that 'every interest in real estate granted or devised to two or more persons, other than executors and trustees and husband and wife, shall be a tenancy in common, unless expressly declared, in such grant or devise, to be in joint tenancy,' the plaintiff and defendant cannot be held to have been devised the land in joint tenancy," citing Philbert v. Campbell et al., 317 Mo. 556, 296 S. W. 1001; Cohen et al. v. Herbert et al., 205 Mo. 537, 104 S. W. 84, 120 Am. St. Rep. 772; Lemmons v. Reynolds et al., 170 Mo. 227, 71 S. W. 135, 136.

Respondents, speaking (102 S. W. (2d) l. c. 768) of the provisos of the Ashauer will said that they were evidently inserted by the testator *"in the belief that upon the death of either of his daughters the survivor would continue owner of the fee."* (Italics ours.) Relator says that by this language respondents found from the will itself that testator *intended* that his two daughters should hold the real estate devised *in joint tenancy,* and that, notwithstanding such finding, respondents held that the two daughters, under the will, held as tenants in common. Respondents make it very clear that they reached their conclusion by force of the statute, Section 3114.

This court, in the Lemmons case, supra, said, 170 Mo. 1. c. 234, 71 S. W. 1. c. 136. "This rock-ribbed rule (intention of the testator) of construction, so strictly and faithfully followed in this State, is subject to this very vital qualification, to-wit, that it must not conflict with any inflexible rule or requirement of law. . . . The statute (now Sec. 3114) has declared *the effect* of a conveyance or devise of real estate in the event that the grant or devise does not *expressly declare* that a joint tenancy is intended. . . . Grantors or testators who do not wish the statute to apply, and to create only a tenancy in common, are given the right to so arrange it; *but they must expressly declare in the grant or devise that a joint tenancy is intended, or else the courts must construe it to be a tenancy in common.* There is no distinction under the statute between a deed and a will in this regard." (Italics ours.)

Section 3114, Revised Statutes 1929, did not abolish joint tenancies. [Rodney v. Landau, 104 Mo. 251, 15 S. W. 962; Lemmons v. Reynolds et al., 170 Mo. 227, 71 S. W. 135; Johnston v. Johnston, 173 Mo. 91, 73 S. W. 202, 61 L. R. A. 166, 96 Am. St. Rep. 486; Cohen v. Herbert et al., 205 Mo. 537, 104 S. W. 84.] But Section 3114 makes it plain that a joint tenancy can be created in grantees or devisees, who are not executors, trustees or husband and wife, in one way only, and that is to expressly say so, by using the term "joint tenancy." The statute says "expressly declared." The word *expressly* is the adverb; *express* is the adjective, which means "directly and distinctly stated; expressed, not merely implied or left to inference." [Webster's New International Dictionary, Second Ed.]

We find no support for relator's first alleged ground of conflict. We might state that Holloway et al. v. Burke et al. (en banc), 336 Mo. 380, 79 S. W. (2d) 104, overruled the Lemmons and the Philbert cases, supra, on the proposition that "the survivors of a class cannot take the part of those of the class who may have predeceased the testator," but what was ruled in those cases as to the meaning of Section 3114, Revised Statutes 1929, was not affected.

 In disposing of the contention that the Ashauer will devised to Mathilda a life estate in the real property at 2733 Chippewa, respondents said (102 S. W. (2d) 1. c. 768): "We are unwilling, in light of all of the facts, to rule that the language of the several provisos following a devise of a fee to the two daughters as tenants in common is sufficiently clear, unmistakable, and certain as to authorize us in holding that he intended that his daughter Mathilda should take a life estate in the property with remainder to the two daughters as tenants in common. We are rather constrained to the view, and so hold, that the language contained in the several provisos, following the devise of the fee to the two daughters as tenants in common, is ambiguous and uncertain and therefore insufficient to limit or qualify such absolute estate," citing Palmer v. French, 326 Mo. 710, 32 S.

W. (2d) 591; Estill v. Ballew (Mo.), 26 S. W. (2d) 778, 70 A. L. R. 321; In re McClelland's Estate (Mo.), 257 S. W. 808; Lehmann v. Griffin, 224 Mo. App. 657, 31 S. W. (2d) 271.

Relator relies solely on Barkhoefer v. Barkhoefer (Mo.), 204 S. W. 906, to support the second alleged ground of conflict. It appears in the Barkhoefer case that the testator, Frederick W. Barkhoefer, devised certain real estate to his grandchildren, who were children of his son, Henry W., with a proviso that his son, Henry W., should "have the benefit and use of said tract of land and the buildings situated thereon during his natural life, and in the event of the death of the children of said Henry W. Barkhoefer prior to the death of his (Henry W. Barkhoefer's), then he (Henry W. Barkhoefer) shall continue to have the use of said property until his death, when the same shall at once revert to my legal heirs, whether there be surviving said Henry W. Barkhoefer any children or not, and this bequest is made on condition that said Henry W. Barkhoefer shall not have the right to sell or mortgage any part of the property herein bequeathed."

A subsequent clause provided: "Upon the failure of my son, Henry W. Barkhoefer, or my wife, Caroline Barkhoefer, to pay any taxes, special or otherwise, that may be assessed against the property the use of which is herein bequeathed, or to keep the buildings thereon properly insured, or should they, or either of them, suffer said buildings to go to waste or destruction, then and in either case said property shall at once revert to my estate."

It was held that the Barkhoefer will devised to the son, Henry W., a life estate and not the mere right of use and occupancy. In the Ashauer case respondents pointed out that the testator inserted the proviso that Mathilda was to have the sole right to occupy the house at 2733 Chippewa during her life, on the assumption that he had made his two daughters joint tenants in the real property devised, whereas he had, instead, created in his daughters a tenancy in common. In view of the whole situation, respondents ruled that the Ashauer will was not "sufficiently clear, unmistakable and certain as to authorize" the holding that the testator intended "Mathilda should take a life estate in the property with remainder to the two daughters as tenants in common." In the Barkhoefer case it will be observed that the son, Henry W., had no interest in the fee, while under the Ashauer will, Mathilda, who claims an exclusive life estate in the house at 2733 Chippewa, is also a tenant in common with her sister in the same property. In the situation there is no support in the Barkhoefer case, or any other we have found, to support relator's second alleged ground of conflict.

The writ of certiorari was improvidently issued and should be quashed. It is so ordered.