Elizabeth Ann **MONTGOMERY,**
**Plaintiff-Appellant,**

v.

Bessie **CLARKSON,**
**Defendant-Respondent,**

and

Charles I. **Stewart et al., Defendants.**

No. 61221.

Supreme Court of Missouri,
En Banc.

Sept. 11, 1979.

**484**

Richard N. Brown, Brown & Casey, Brookfield, for plaintiff-appellant.

Harry L. Porter, Marceline, for defendant-respondent.

Jack D. Lukehart, Brunswick, Robert G. Smith, Brookfield, for defendants.

DONNELLY, Judge.

This is a suit for partition of land in Chariton County, Missouri.

On January 28, 1943, a Warranty Deed to the land was executed, naming as grantees "James E. Stewart and Nancy E. Stewart, jointly." Nancy E. Stewart was the niece of James E. Stewart. Both grantees are deceased. James E. Stewart died in February, 1944. Nancy E. Stewart died August 16, 1976.

The trial court denied partition, and found that the deed, dated January 28, 1943, "vested title in said premises in James E. Stewart and Nancy E. Stewart as joint tenants with the right of survivorship; that Nancy E. Stewart survived the said James E. Stewart; that Nancy E. Stewart was the sole owner of said premises at the time of her death; that Bessie Clarkson acquired title to said premises under the will of Nancy E. Stewart."

An appeal was taken to the Missouri Court of Appeals, Western District, where the judgment of the trial court was reversed. On March 13, 1979, this Court ordered the cause transferred. It will be decided here the same as on original appeal. Mo.Const. Art. V, § 10.

Section 442.450, RSMo 1978, is involved here. It reads as follows:

"Every interest in real estate granted or devised to two or more persons, other than executors and trustees and husband and wife, shall be a tenancy in common, unless expressly declared, in such grant or devise, to be in joint tenancy."

In *Lemmons v. Reynolds,* 170 Mo. 227, 234, 71 S.W. 135, 136 (1902), the testatrix devised "to my two sons James Conda Reynolds and John W. Reynolds the following described real estate * * *." This Court held that the will devised the property to James and John as tenants in common and not as joint tenants and said:

"It is essentially true that the intention of the testator shall be sought and effectuated in construing and enforcing wills, but this rock-ribbed rule of construction, so strictly and faithfully followed in this state, is subject to this very vital qualification, to wit, that it must not conflict with any inflexible rule or requirement of law. Such is the case here. The statute [now § 442.450] has declared the effect of a conveyance or devise of real estate in the event that the grant or devise does not expressly declare that a joint tenancy is intended. No such intention is expressly declared in this will, * * *. It is therefore not within the power or province of the courts, under any rule of interpretation, or to carry out any unexpressed intention of the grantor or testator, to construe such a grant or devise to be a joint tenancy, for the statute says it is a tenancy in common. Grantors or testators who do not wish the statute to apply, and to create only a tenancy in common, are given the right to so arrange it; but they must expressly declare in the grant or devise that a joint tenancy is intended, or else the courts must construe it to be a tenancy in common.

There is no distinction under the statute between a deed and a will in this regard."

In *Cohen v. Herbert,* 205 Mo. 537, 549, 104 S.W. 84, 86 (1907), the testator devised the property in suit to his "said daughters Julia and Victoria jointly." This Court, relying on the predecessor of § 442.450, held "that by the will of Hyam H. Cohen, his daughters Julia and Victoria became tenants in common of the property in controversy * * *."

In *McVey v. Phillips,* 259 S.W. 1065, 1066 (Mo.1924), the deed in question, on its face, created a tenancy in common. This Court held that what is now § 442.450 does not prevent reformation of a deed so as to create a joint tenancy, and said:

"The statute (section 2273, R.S.1919) does not abolish joint tenancies, but defines the manner in which they can be created. The policy opposed to survivorships (*Rodney v. Landau,* 104 Mo. loc. cit. 259, 15 S.W. 962) tends against a construction of an ambiguous conveyance such as would result in the creation of a joint tenancy, but in no way does either statute or policy render joint tenancies unlawful; nor does the statute prevent the reformation of a deed so as to cause it to create a joint tenancy, if that was the contract or intent of the parties affected, and the proof is sufficiently strong of facts which put the reforming power of equity in motion."

In *State ex rel. Ashauer v. Hostetter,* 344 Mo. 665, 670, 127 S.W.2d 697, 699 (banc 1939), this Court cited *Lemmons* and *Cohen* with approval and said:

"Sec. 3114, R.S.1929 [now § 442.450], did not abolish joint tenancies. *Rodney v. Landau,* 104 Mo. 251, 15 S.W. 962; *Lemmons v. Reynolds et al.,* 170 Mo. 227, 71 S.W. 135; *Johnston v. Johnston,* 173 Mo. 91, 73 S.W. 202, 61 L.R.A. 166, 96 Am.St.Rep. 486; *Cohen v. Herbert et al.,* 205 Mo. 537, 104 S.W. 84, 120 Am.St.Rep. 772. But Sec. 3114 makes it plain that a joint tenancy can be created in grantees or devisees, who are not executors, trustees or husband and wife, in one way only, and that is to expressly say so, by using the term 'joint tenancy.' The statute says 'expressly declared.' The word *expressly* is the adverb; *express* is the adjective, which means 'directly and distinctly stated; expressed, not merely implied or left to inference.' Webster's New International Dictionary, Second Ed."

In taking this position, Missouri is sustained by a majority of the cases. In 2 American Law of Property, § 6.3, at page 13, statutes such as § 442.450 are referred to as follows:

"There is some disagreement in the cases applying these statutes as to what will be a sufficient affirmative expression of intent to create a joint tenancy. Thus, a conveyance to two persons 'jointly' has been held in some cases to be sufficient, but the better view, sustained by a majority of the cases, is that the word 'jointly' is equivocal and is as often used, at least by those unlearned in the law, to describe ownership in common as it is to describe the technical estate of joint tenancy with right of survivorship."

We have reexamined the existing law (Mo.Const. Art. V, § 10) and reaffirm the holdings in *Lemmons, Cohen* and *Ashauer.* Insofar as *McVey* conflicts with those holdings, it should no longer be followed.

The trial court erroneously applied the law. *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976).

The judgment is reversed and the cause is remanded for partition.

BARDGETT, C. J., RENDLEN and SEILER, JJ., and HENLEY and FINCH, Senior Judges concur.

WELLIVER, J., concurs in separate concurring opinion filed.

MORGAN, J., not sitting.

HIGGINS, J., not participating because not a member of the Court when cause was submitted.

WELLIVER, Judge, concurring.

I concur in the result of the principal opinion. I do not believe that *McVey v. Phillips,* 259 S.W. 1065 (Mo.1924), conflicts with the principal opinion and I would reserve the right to reform a deed in an appropriate case where there is clear, cogent and convincing evidence that the language of the deed did not represent the intent of the parties at the time of the drafting of the instrument. There is no such evidence in this record.