## STIRES *vs.* VAN RENSSELAER.

*In the matter of the estate of* FRANCIS COOPER, *deceased.*

THE testator gave a moiety of the residue of his estate to his wife, "her heirs and assigns," and the other moiety to the "children" of his late brother and sister, "their heirs and assigns;" and he authorised his executors to sell his estate, and allow his "wife to take the moiety thereof, and pay the other moiety thereof to the children of his said late brother and sister." At the death of the testator as well as at the date of the will, several of the children of his brother and sister were dead,—*Held* that the term *heirs* was a word of limitation and not of purchase, and issue of the testator's nephews and neices could not take.

In case of a bequest to children, as a class, it is a general rule that only those living at the date of the will can take, unless an intent to the contrary those can be deduced from other portions of the will.

When a bequest is made to a class, the death of one before the testator does not cause a lapse, but all those answering the description of the class at the testator's death take the whole.

G. L. ASHMEAD *and* H. L. CLINTON, *for Claimants.*

J. BLUNT, *for Executor.*

THE SURROGATE. The testator by his will made the following disposition of his residuary estate: "I do give

and devise the one moiety of the residue and remainder of my estate to my said wife, Maria B., *her heirs and assigns;* and I do give and devise the other moiety of the residue and remainder of my estate to *the children of my late brother and sister, deceased, their heirs and assigns.* I do authorise and empower my executrix and executor hereinafter mentioned, to sell and dispose of all my estate (except, &c.) and after paying the incumbrances thereon, to allow my said wife to take the moiety thereof, and to pay the other moiety thereof to *the children of my said late brother and sister."*

The will was executed March 25, 1850, and at the death of the testator, as well as at the date of the will, several of the children of his brother and sister were deceased, and their children now claim as legatees. Courts always struggle to prevent a lapse where it can be done without violence to well-settled principles of law; and much astuteness and nicety have been exhibited in spelling out from the provisions of the will, such indications of the testator's intention, as may aid in saving the legacy from the operation of technical rules. Thus, the use of the word " or " in a bequest to " A *or* his. heirs," has been held to work a substitution of the " heirs " in place of A, where the latter was not alive at the testator's decease. But there is no room for such construction in the present case. The devise of the residue here is to the testator's brother's and sister's " *children, their heirs and assigns.*" " Heirs," is a word of limitation, and there is nothing in the will to shew the testator designed to use it in other than its proper sense. (*Armstrong* v. *Moran*, 1 *Bradford, S. R.*, 314.) As he gives to his wife " *her heirs and assigns*," so he gives to his nephews and nieces " *their heirs and assigns;*" and in the subsequent clause respecting payment, he omits those words entirely, directing a moiety to be paid to his " wife," and the other half to " the children " of his brother and sister, there stopping and not saying a word more. There is no room for substituting the issue of a deceased

child in the place of its parent, unless that can be done under the word "heirs" in the terms of the original gift, and that is simply impossible, without overturning a well-settled canon of interpretation. (*Crawford* vs. *Trotter*, 4 *Mad.* 361.  *Thompson* vs. *Thompson*, 1 *Coll.* 388.) Nor can the term "children" be stretched beyond its usual signification, so as to include grandchildren, without aid from some other part of the will. (*Elliot* vs. *Davenport*, 1 *P. Wms.*, 83; *Corbyn* vs. *French*, 4 *Ves.* 435.) Independently of these difficulties, which I deem insuperable, the authorities favor the doctrine that generally in case of a bequest to children as a class, only those *living at the date of the will* are entitled, notwithstanding a provision in favor of issue in case of death, unless an intention to the contrary can be deduced from other clauses or phrases. (*Lawrence* vs. *Hebbard*, 1 *Bradford, S. R., p.* 252.)

I must hold, therefore, that the issue of the testator's nephews and nieces, not living at the time of his decease, take nothing under the will.  If there were an intestacy as to the shares their parents would have taken if living; they, as collaterals, are too remote to take under the statute of distributions.  But there is no intestacy, for when a bequest is made to a class, the death of one before the testator, does not effect a lapse of any part of the fund; but all those of the described class, then answering the description at the testator's demise, take the whole. (*Viner* vs. *Francis*, 2 *Cox* 190; *S. C.* 2 *Bro., C. C.,* 658.  *Shuttleworth* vs. *Greaves*, 4 *M. & Cr.* 38.  *Cort* vs. *Winder*, 1 *Coll*, 320.  *Lee* vs. *Pain*, 4 *Hare*, 250.  *Shaw* vs. *McMahon*, 4 *Dr. & W.*, 431, 438.) The decree must, consequently, provide for the payment of the entire moiety to the children of the deceased brother and sister, who survived the testator.