IDA CRECELIUS, Respondent, v. HENRY HORST ET AL., Appellants.

May 4, 1880.

1. In construing a will, the testator's intention governs, and that construction should be given which prevents a failure of the gift.

2. A devise to a class, though as tenants in common, will not lapse by the death of one of the devisees before the testator, but the survivors take the whole.

APPEAL from the St. Louis County Circuit Court, EDWARDS, J.

*Reversed and dismissed.*

F. & E. L. GOTTSCHALK, for the appellants: The intention of the testator governs in the construction of wills.— *Turner* v. *Timberlake*, 53 Mo. 371; *Gaines* v. *Fender*, 57 Mo. 346; *Carr* v. *Dings*, 58 Mo. 406; *Smith* v. *Hutchinson*, 61 Mo. 83; *Allison* v. *Clarey*, 63 Mo. 279. This being a residuary bequest to a class of persons, — viz. : to the children of his first wife, — the death of one of said residuary legatees before that of the testator, causes no lapse of said bequest, but the survivor answering the description of the class, takes the *whole* residue. — 2 Redf. on Wills, 175, sect. 30; *Jackson* v. *Roberts*, 14 Gray, 546; *Schaffer* v. *Kettell*, 14 Allen, 528.

J. A. BEAL, for the respondent: A legacy to two persons,

one of whom dies before the testator, lapses and is distrib-
uted as in cases of intestacy. —*Martin* v. *Lachasse*, 47 Mo.
591 ; 2 Williams on Ex. 1083, 1084.   Where the bequest
is to several persons as tenants in common, there is no
right of survivorship.— 2 Redf. on Wills, 168, sect. 17.

HAYDEN, J., delivered the opinion of the court.

This is a suit in ejectment.   The case was submitted to
the court below on an agreed statement of facts, from which
it appears that William Crecelius was the owner, in fee, of
the land in controversy ; that by his first marriage he had
two children, Catherine, one of the defendants, and John
William ; and by his second marriage one child, Ida, the
plaintiff; that his will, after the preliminary clause, was as
follows :  " I give and bequeath to my daughter Ida the sum
of one dollar.   My wife, Theresa Crecelius (formerly Don-
ald), shall only be entitled to such share in my estate as the
laws of Missouri allow her, and no more.   I give and be-
queath all the residue and remainder of my estate, real,
personal, and mixed, which may be left after the payment
of my just debts, funeral expenses, and this dower right of
my wife, to my children, John William Crecelius and Cathe-
rine Christine Crecelius, to have and to hold the same
unto my said children, their heirs, and assigns forever,
share and share alike."   The testator then appoints an
executor.

John William Crecelius died without issue in 1872, at his
father's house, and while a member of the family.   The tes-
tator died in 1874, leaving his widow, the mother of Ida, the
plaintiff, and two surviving children, Ida, and the defendant
Catherine.   The widow elected under the statute to take a
child's share in the estate.   The court below found the issue
for the plaintiff, ascertaining her interest as one-fourth part,
found the value of the rents, and gave judgment accordingly.

If the intention of the testator is to be the controlling
guide in construing this will, the plaintiff should not recover.

Apart from any technical rule, that intention, as between the parties here concerned, is plain. The first sentence of the will proper embodies that language which is the typical expression of an intention to disinherit. The second sentence confirms the first by the use of language towards the mother of the plaintiff, the wife of the testator, which shows the feeling which the testator cherished towards this branch of his family. She is to receive what the law allows her, and no more. The testator then turns to a distinct class of persons, whom the language of the will itself places in antagonism with his second wife and her daughter. The objects of the testator's bounty are this second class, who, are, indeed, spoken of by name, but who are described as his children. These form a distinct class, being his children by his first wife, and to this class all the residue and remainder of his estate is given.

It is true that in this residuary disposition of his property, the two children are to take share and share alike, and that thus they would take as tenants in common, not as joint tenants. Gen. Stats. 1865, p. 443, sect. 12 ; *Hall* v. *Stephens*, 65 Mo. 676. But the facts of this case are very different from those of the cases cited. The question is here between the survivor of a class who were made residuary devisees, and not an heir generally, or a specific devisee, but one who was expressly disinherited by the testator. On the one hand are the objects, and the only objects of the testator's bounty. On the other, is one as to whom are used only words of exclusion. To hold that the devise to John William lapsed, and his share went to the next of kin, would here doubly defeat the testator's intention. It is perfectly clear that the testator intended to dispose of all of his property by will, for all is disposed of by one residuary clause. This intention is defeated, if we suppose a lapsed devise. But here the supposition of a lapse would result in making the plaintiff the recipient of the testator's property, when he, by apt and express words covering the

whole ground, excluded her from being such.    The reasons
which induced the decision in *Jackson* v. *Roberts*, 14 Gray,
546, apply with added force to this case.    Though the chil-
dren of the first wife were named by the testator, and not
described merely as a class, the intention in the case at bar,
that nothing should go to the plaintiff, is beyond all doubt.
The fact that the present was a devise of real estate, and not
a legacy, cannot affect the intention, while the circumstance
that it was a residuary devise strengthens the case of the
defendants.

As the doctrine that a testamentary disposition lapses, by
the death of the devisee, in the lifetime of the testator, is
often productive of hardship, and frequently tends to defeat
the intention, the doctrine is not now extended beyond the
cases which fall clearly within the rule.    *Martin* v. *Lachasse*,
47 Mo. 592.    The doctrine is, moreover, opposed to the lead-
ing principle that a testamentary disposition should be so
construed as to prevent the gift from failing, and here again
militates against the modern guide, the intention of the
testator, and tends to produce the anomaly of partial intes-
tacy.    Hence the greater disposition to inquire, not merely
whether the testator named the individuals, but whether
from the whole will it appears that he regarded them, and
intended to provide for them as a class, and not merely as
individuals.    Where a disposition is made to a class, though
as tenants in common and not joint tenants, the death of
one or more of the devisees, before that of the testator, will
not cause a lapse, but the survivors will take the whole
property.    *Jackson* v. *Roberts*, *supra; Schaffer* v. *Kettell*,
14 Allen, 528 ; *Stires* v. *Van Rensselaer*, 2 Bradf. 172 ; *Viner*
v. *Francis*, 2 Cox Ch. 190 ; *Cort* v. *Winder*, 1 Coll. 321 ;
*Lee* v. *Pain*, 4 Hare, 250.

To the objection that whatever the intention was, at all
events the testator did not, in fact, dispose of the share of
John William, but after the death left it as a lapsed devise,
the reply is, that it is the intention which governs ; that the

will, in effect, classifies its objects ; that it prefers the children of the first wife, of whom the defendant is the survivor ; and that, moreover, the burden is upon the plaintiff, who is expressly excluded, to make out her title, else the case is with the defendants.

The judgment is reversed and the cause dismissed.    Judge BAKEWELL concurs ; Judge LEWIS is absent.