BENTON, *Ex'r*, v. BENTON *& a.*

A legacy limited to be paid upon the death of S is a vested legacy, and if the legatee die before S his heirs at law take.

| 66 | 169 |
| 66 | 417 |
| 66 | 169 |
| 69 | 54 |
| 69 | 404 |

BILL IN EQUITY, by the surviving executor of the will of Colbee C. Benton, late of Lebanon, for interpretation of the will and direction as to the distribution of the estate.   By the sixth clause of the will a large number of small legacies are given to relatives, " to be paid to each as soon as may be after the decease of my said wife Susan A.," among them being one of $500 to James G. Benton, " to be equally divided between himself, his wife, his son James, and his daughter Mary."

" Lastly, after the decease of my said wife, Susan A., and in the final disposition of my property, I hereby give and bequeath the rest, residue and remainder of my estate wherever found or however situated, or any property reverting to my estate in consequence of a non-compliance with the conditions of some of my bequests, to my brothers, nephews, nieces, and their wives hereinbefore named.   And I direct my surviving executor, after paying all debts, costs, and expenses of administration, to distribute all my estate found and remaining in his, said executor's hands, to my

relatives above referred to, in a proportion corresponding with the sums already bequeathed under the sixth paragraph."

After the death of the testator and before the death of his wife, five of the persons to whom legacies were given in the sixth clause died, among them James G. Benton. The plaintiff asks direction to whom the residue of the estate in his hands shall be paid.

*W. H. Cotton,* for the plaintiff.

*W. S. Ladd* and *E. P. Kendrick* (of Massachusetts), for heirs of deceased legatees.

SMITH, J. The legacies to the residuary legatees are vested, and not contingent upon their surviving the widow of the testator. He intended to dispose of his whole estate. He gives the rest, residue, and remainder of his estate to certain legatees named in the sixth clause of the will, upon the decease of his wife, and directs his surviving executor to pay over the same to them in the same proportions as the legacies given in the sixth clause are payable. It is as though he had disposed of the residue of his estate to these legatees, payable upon the decease of his wife. *Brown* v. *Brown*, 44 N. H. 281; *Ordway* v. *Dow*, 55 N. H. 11; *Felton* v. *Sawyer*, 41 N. H. 202; *Burleigh* v. *Clough*, 52 N. H. 267. If he had intended to make their taking contingent upon their surviving his widow, we should expect to find his intention expressed in apt words, and not left to be inferred. For the same reasons the legacies given by the sixth clause are vested and not contingent.

The legacies given by the sixth and residuary clauses to James G. Benton are payable one fourth to his legal representatives, one fourth to his widow, C. Louisa Benton, one fourth to his son James, and one fourth to his daughter Mary.

The two clauses construed together show that the testator's intention was, that the legacy given by the residuary clause to him should be divided between himself, his wife, and his two children, and in the same proportion as the legacy given by the sixth clause. He gives " to my brothers, nephews, nieces, and their wives before named." Thus Mrs. Benton, being the wife of his nephew, James G., is included among the persons mentioned as legatees. Their children, James and Mary, are mentioned with other relatives in the sixth clause, and were intended to be included within the terms "nephews" and "nieces," although they are grandnephew and grandniece. No reason appears for including their mother and excluding them. James G., if living, would take three fourths of the two legacies in trust for his wife and two children. The trustee being dead, the appointment of a new trustee to receive their shares merely for the purpose of paying them over to the *cestuis que trust* is unnecessary, when the same purpose will be attained by the executor's paying their shares directly to them.

The legacies to the four other persons who died before the widow of the testator are payable to their legal representatives.

*Case discharged.*

BINGHAM, J., did not sit: the others concurred.