ALBERT JENNINGS, STELLA HARVUOT, MYRTLE MARSHALL, ALVIS DENNEY, CLELLAN DENNEY, JOHN DENNEY, and JEWELL DENNEY, Appellants, v. JOYCE NEWMAN, IRVIN NEWMAN, Executor of the Estate of FRED L. LASWELL, Deceased, BANK OF EDGERTON, a Corporation, and JOHN W. COOTS, Trustee, Respondents, No. 41265—221 S. W. (2d) 487.

Division Two, June 13, 1949.

*Jay B. Wilson, Hook & Thomas, Inghram D. Hook* and *Harry L. Thomas* for appellants.

278

*John W. Coots, David R. Clevenger, Pross T. Cross* and *Gerald Cross* for respondents.

WESTHUES, C.—This case involves title to real estate. Appellants, plaintiffs below, claim title to a one-half interest in the land involved as heirs of Frank M. Jennings, deceased, while respondent Joyce Newman claims to own all of the title to the land by virtue of the will of Frank M. Jennings. The trial court decreed that the defendant Newman owned the whole title and entered judgment accordingly. Plaintiffs appealed.

The controversy is whether through the death prior to that of the testator of one of two beneficiaries under the will of Jennings the legacy lapsed or whether the whole title vested in the surviving bene-

ficiary. The case was tried upon an ágreed statement of facts. In substance the facts are as follows: In the year 1903 while Frank M. Jennings was the sole owner of "The North Fifty Acres of the East one-half of the Southeast Quarter of Section Sixteen (16), Township Fifty-four (54), Range Thirty-three (33), Platte County, Missouri", he married Addie Laswell, who by her first marriage had two sons, Albert M. Laswell and Fred L. Laswell, twelve and ten years old respectively. Thereafter the four lived as a family on the property here involved. This property constituted their home until their deaths which occurred as follows: The stepson, Albert M. Laswell, died July 27, 1937; Frank M. Jennings, the stepfather, died February 25, 1941; the mother died in February, 1945; and Fred L. Laswell, stepson, died April 2, 1947. No children were born to Frank M. Jennings and his wife, Addie. The two stepsons never married and, therefore, had no descendants.

On February 23, 1909, Frank M. Jennings executed a will wherein he made the following provision which is the controversy of this lawsuit:

"Second: I give and devise to my wife Addie Jennings all of my property both real and personal and where ever situate to be held by her during her natural life time and at her death to be divided equally between her two children Albert M. Laswell and Fred L. Laswell."

It will be noted that the stepson, Albert M. Laswell, died about four years before the testator. Fred L. Laswell, the last survivor of the family, executed a will on February 14, 1947, whereby he devised the property in question to Joyce Newman, one of the defendants in the case.

Plaintiffs are the heirs of Frank M. Jennings and as such claim one-half interest in the land. They assert that through the death of Albert M. Laswell his share under the will lapsed and, therefore, Frank M. Jennings died intestate as to a one-half interest in the property.

Appellants' points III and IV of the brief read as follows:

### III.

"The controlling statute has remained unchanged since territorial days.

Act of January 19, 1816, Terr. Laws, p. 436, Sec. 2.

Revised Statutes of Missouri, 1899, Section 8844. (should be 4600)

Revised Statutes of Missouri, 1939, Section 3504.

### IV.

"The interpretation of the statute by the Supreme Court of Missouri has been reversed twice since first announced, the last reversal returning to the original rule.

"Holding a class bequest created joint tenancy. Crecelius v. Horst, 78 Mo. 556. (should read 566)

"Holding a class bequest created tenancy in common.

Lemmons v. Reynolds, 170 Mo. 227, 71 S. W. 135.

Philbert v. Campbell, 317 Mo. 556, 296 S. W. 1001.

"Holding a class bequest created joint tenancy.

Holloway v. Burke, 336 Mo. 380, 79 S. W. (2d) 104.

Adams v. Simpson (Mo. Sup.), 213 S. W. (2d) 980." (should read 908)

The section of the statute referred to reads as follows:

"Every interest in real estate granted or devised to two or more persons, other than executors and trustees and husband and wife, shall be a tenancy in common, unless expressly declared, in such grant or devise, to be in joint tenancy."

The above statute has no bearing on the question to be decided in this case. Appellants evidently misinterpreted the ruling in the Crecelius, Holloway, and Adams opinions. When a testator devises land by will to two or more persons as a class, such persons have no interest in the property prior to the death of the testator. They are neither tenants in common nor joint tenants. If prior to the death of the testator, one of such a class dies, the prospective share of the others is enhanced not because they receive anything from the would-be beneficiary who died, but the class who will receive the devise upon the death of the testator has been reduced and, therefore, each member of the class takes more under the will than if the class had remained the same in number. When the testator dies, the persons named in a class take as the statute provides, as tenants in common, unless otherwise expressly provided. It was so ruled in the Crecelius, Holloway, and Adams cases, supra.

Appellants do not challenge the correctness of the ruling of those cases but insist that when Jennings executed his will, it must be presumed that he knew the law and had in mind the ruling in the Lemmons and Philbert cases. Their contention is untenable. It is just as logical to say that testator must have known the law as it was declared in the Holloway case and it was in force for a number of years before his death, and yet testator did not change his will. In Stolle v. Stolle, 66 S. W. (2d) 912, l. c. 916 (9, 10), a case decided before the Holloway case, a clause in a will reading as follows was held to be a devise to a class: (Stolle v. Stolle, supra, p. 914)

" 'After the death of my said wife, the remaining part of my estate shall then be divided between my said children above named in equal parts share and share alike, to have and to hold the same unto them and their heirs and assigns forever.' "

And in Crecelius v. Horst, 9 Mo. App. 51, affirmed by this court in 78 Mo. 566, a devise to two children share and share alike was held to be a devise to a class. One of the children predeceased the father and

the court of appeals held the survivor took all because she was the only one of the class living when the testator died.

The case before us now is almost identical with the exception that the two named as a class were stepchildren of the testator. In view of the record it is evident that the testator intended to leave all of his property to his wife and her children. The testator had no descendants of his own. He lived with his wife and her two children for many years. They all remained members of the household until death called them one by one.

It is evident the trial court ruled the case correctly and the judgment is affirmed. *Bohling* and *Barrett, CC.,* concur.

PER CURIAM:—The foregoing opinion by WESTHUES, C., is adopted as the opinion of the court. All the judges concur.