Rockingham,
No. 4453.

IRA H. WHITE, *Ex'r*

*v.*

CORINTHIAN LODGE & a.

Argued February 7, 1956.
Decided March 29, 1956.

140

*Samuel A. Holmgren* for the executor, furnished no brief.

*Perkins & Dowst* and *Upton, Sanders & Upton* (*Mr. Richard F. Upton* orally), for the Epsom school district and Russell S. Yeaton and Henry Dowst, Jr., members of the Epsom school board.

*Sleeper & Mullavey* (*Mr. Mullavey* orally), for Cynthia Gilbert Roberts, Constance Gilbert Smith, Gloria Gilbert and Wesley E. Gilbert, heirs-at-law.

*Charles J. Griffin* for Thomas Rand and Richard Rand, heirs-at-law, furnished no brief.

*George P. Cofran* and *Paul A. Rinden* (*Mr. Rinden* orally), for Hiram Chapter No. 24, R. A. M.

GOODNOW, J. Whether the Epsom school district is entitled to the bequest made to "the proposed Central School of Epsom, N. H.

if built, or in the process of being built" depends upon the construction to be given to the will now before us.

The construction of a will is governed by the intention of the testator which is a question of fact. *Osgood* v. *Vivada,* 94 N. H. 222, 224. This question was submitted for decision to the Court below and its ruling that "the Central School, so-called, is not entitled" was necessarily based upon its conclusion as to the testator's intention. That finding, which does not appear in its decision, is not controlling here, however, since the "determination of the ultimate fact of the intent of the [testator] rests with the law court." *Sylvester* v. *Newhall,* 97 N. H. 267, 272. The subsidiary facts concerned with the surrounding circumstances of this case, so far as the school bequest was concerned, were not found by the Trial Court but were agreed to by the parties. On those facts and on the will itself, the question of the testator's intent is brought here for determination. See *Pettee* v. *Chapter,* 86 N. H. 419.

The fact that the legatee, named as "the proposed Central School of Epsom, N. H.," is not a legal entity or person does not render the legacy void. The identity of a beneficiary is a question of fact to be determined on the basis of the testator's intention. *Clark* v. *Campbell,* 82 N. H. 281, 285; *Adams* v. *Hospital,* 82 N. H. 260, 261. Public schoolhouses are ordinarily built by school districts which are empowered by law to do so (RSA 194:3) and may accept gifts and legacies for that purpose. See *Reed* v. *District,* 91 N. H. 209. During the five years before the making of this will the Epsom school district had in fact been discussing, planning and raising money by public subscription for a new school designated as the "Central School." It seems highly probable that the testator, a resident of the adjoining town of Northwood was aware of this activity and intended by his reference to "the proposed Central School of Epsom" to describe the school which the Epsom school district proposed to build. There being no evidence of any other central school in Epsom, we conclude that a finding is required that the testator intended this legacy to go to the Epsom school district for "the proposed Central School . . . if built, or in the process of being built." *Society* v. *Hatch,* 48 N. H. 393, 397. See *Holmes* v. *Mackie,* 86 N. H. 287.

The legacy in question is a conditional one. When he made his will in 1950, the testator apparently did not consider that the school was then "in the process of being built," for if he had, he

presumably would not have attached the condition which he did. Between 1950 and 1953 when the testator died, more money had been raised for the school, both by taxation and by public subscription, and additional planning had been done but the building itself was no more "in process" than in 1950. If the testator intended that the legacy be paid only if the school was already "built, or in the process of being built" at the time of his death, the condition of the legacy was not met. The school district contends, however, that the testator intended that a reasonable time be allowed after his death for performance of the condition. What his intention was in this respect is not stated in the will and must be determined by a balance of probabilities. *Langdell* v. *Dodge*, 100 N. H. 118.

The will plainly evidences the testator's intention to benefit the proposed new school in Epsom provided the actual construction of the building is assured. In determining whether he intended to require that this assurance be furnished at the date of his death or within a reasonable time thereafter, it is significant that the condition which he imposed upon the bequest specified no time limit for its fulfillment although it might have done so. The time of his death being unpredictable, it is unlikely, in the absence of language to the contrary, that the testator intended to require that the condition be met at the moment of his death whenever that event might occur. "When no time is fixed for the . . . performance of a condition, it is to be . . . performed within a reasonable time." *Colby* v. *Dean*, 70 N. H. 591, 592; anno. 110 A. L. R. 1354. In the circumstances of this case, the application of this rule appears to be consistent with the testator's primary intention to furnish financial assistance in the building of the new school.

Furthermore, it does not clearly appear that the testator intended the school bequest to go to others if the condition was not fulfilled. The will provides that the residue "be divided equally between the following five beneficiaries." The bequests to the four beneficiaries other than the school are unconditional and no provision is made for a gift over if the condition attached to the school bequest is not performed. See *Y. M. C. A.* v. *Appleby*, 97 N. J. Eq. 95. Nor did the testator intend that his heirs take by way of a partial intestacy. "A testator is to be considered as intending a benefit to the object of his gift, and the presumption against partial intestacy is strong." *Souhegan National Bank* v. *Kenison*, 92 N. H. 117, 120. The will in question mentions only one of the testator's

six heirs, all of whom were nephews or nieces, to the exclusion of the others. The residue clause is detailed and was clearly intended to dispose of the remainder of his estate. Both of these factors negative any intention that the heirs-at-law should benefit by intestacy. *Merchants &c. Bank* v. *Berry,* 93 N. H. 388; *Jacobs* v. *Bean,* 99 N. H. 239, 242.

We conclude that the testator intended that the legacy in question be paid to the school district of Epsom if the proposed Central School was "built, or in the process of being built" within a reasonable time after his decease.

The testator died February 7, 1953, shortly before the annual meeting of the Epsom school district for that year. At the annual meeting in March 1954, the school district committed itself to building the new school and voted the necessary funds. The fact that it could have so acted at a special meeting called for an earlier date (RSA 197:2, 3) does not require a conclusion that the delay was an unreasonable one. The executor's final account was not returnable until July 30, 1954. Before that date, the contract for building the new school had been let and by August 13, 1954, the actual construction had begun. Whether the proposed school was "in the process of being built" when the contract was let or when construction started a short time later, it seems apparent that the building of the school was fully assured within a reasonable time after the testator's death and that the school district is entitled to receive the bequest. See *In re Anderson's Estate,* 244 Iowa 325.

Under this interpretation of the will, the heirs-at-law are not entitled to share in the residue of the estate and their exceptions do not require consideration.

*Exception of Epsom school district sustained; other exceptions overruled.*

All concurred.