Rockingham,
No. 5420.

IN RE JACOB SEGAL ESTATE.

Argued January 4, 1966.
Decided March 30, 1966.

*Griffin, Harrington, Brigham & Taylor ( Mr. Lindsey R. Brig-. ham* orally), for the administratrix with will annexed of the estate of Jacob Segal.

*Arthur J. Reinhart* for Ruth Kovnit, filed no brief.

KENISON, C.J. The pivotal issue in this case is the nature and extent of the estate given to the testator's wife in clause 1 of the will. "Standing by itself the bequest to the widow would be sufficient to pass the fee. *Brown* v. *Eastman,* 72 N. H. 356, 358." *Grant* v. *Nelson,* 100 N. H. 220, 221. See *Sanborn* v. *Clough,* 64 N. H. 315, 320. But it is familiar law that the clauses in a will are not read in isolation and their meaning is to be determined from the language of the will as a whole. *Athorne* v. *Athorne,* 100 N. H. 413, 415; *Grant* v. *Nelson, supra; Fowler* v. *Whelan,* 83 N. H. 453, 456.

Although the will contains some ambiguity and opacity, this is not cause for despair by this court. The general approach in this jurisdiction was summarized by *In re Lathrop Estate,* 100 N. H. 393, 395 as follows: "Arbitrary canons of construction give way to a single broad rule of construction that always favors rather

than opposes the testamentary disposition and, whenever consistent with the terms of the will as a whole, adopts that construction that gives the maximum validity to the testamentary disposition . . . . This constructional preference for the maximum validity of the testator's dispositive plan applies to all wills. No distinction is made whether the will is 'crudely drawn' (*Adams* v. *Hospital,* 82 N. H. 260, 261 ) . . . or whether the will is drawn with legal assistance with some ambiguity (*Roberts* v. *Tamworth,* 96 N. H. 223 ), or without legal assistance with some ambiguity (*Wilkins* v. *Miltimore,* 95 N. H. 17, 18 )."

Clause 1 of the will gave the widow all of her husband's estate for her use forever. There may be cases where the will discloses that a gift of the use of property is a direct gift of the property itself. *Ruel* v. *Hardy,* 90 N. H. 240, 242; *Wilkins* v. *Miltimore,* 95 N. H. 17, 19. But in the present case it is evident that if clause 1 is construed as passing a fee simple interest to the widow, the remaining clauses of the will are ignored. This militates against construing clause 1 in that manner. On the other hand clause 1 indicates that the widow's interest was not limited to a conventional life estate. Construing clause 1 in the light of the whole testamentary plan, here as in *Grant* v. *Nelson,* 100 N. H. 220, 222, the "will . . . disclosed an intention that she should have the power to dispose of the estate without restriction during her lifetime." Simes & Smith, Future Interests, *s.* 1489, *pp.* 390-391; Annot. 17 A.L.R. 2d 7.

The widow's "interest was more than a conventional life estate but less than an absolute fee simple interest." *Quinn* v. *Tuttle,* 104 N. H. 1, 3. Consequently it follows that the widow had the authority to convey the "real estate numbered 105 and 107 Market Street, Portsmouth" equally to her six children, including the daughter Ruth Kovnit. *Lord* v. *Roberts,* 84 N. H. 517; *Mc-Phee* v. *Colburn,* 98 N. H. 406, 410.

*Remanded.*

All concurred.