Sullivan,
No. 5558.

KENNETH FRANK DENNETT, *Ex'r*

*v.*

WALTER S. OSGOOD *& a.*

Argued April 4, 1967.
Decided May 23, 1967.

*Benjamin H. Bragg* for the plaintiff executor, filed no brief.

*Goodnow, Arwe & Ayer* ( *Mr. John R. Goodnow* orally ), for the plaintiff as legatee.

*Devine, Millimet, McDonough, Stahl & Branch* and *Luke S. O'Neill* ( *Mr. O'Neill* orally ), for the defendants Osgood and Lowe.

GRIMES, J. Reginald D. Brackett died on April 23, 1965 leaving a will which, after making provision for the payment of debts, funeral charges and expense of administration, provided as follows:

" FIRST: All the rest, residue and remainder of my property and estate, both real and personal and of every name and nature I give, devise and bequeath unto my beloved wife, Alice L. Brackett, to be her absolute property, provided, however, that upon her death whatever property or estate she may have received from me and which shall remain at that time undisposed of by her, I

give, devise and bequeath unto our good friend, Kenneth Frank Dennett of Portsmouth, New Hampshire.'"

Alice L. Brackett, wife of the testator, had died on January 31, 1965 without issue. Kenneth Frank Dennett was appointed executor of the will of Reginald D. Brackett and has brought this petition for instructions as to how the estate should be distributed. The defendants are five heirs-at-law (nieces and nephews) of the testator who claim they, rather than Kenneth Frank Dennett, are entitled to the estate. The matter was submitted on an agreed statement of facts and all questions of law were transferred without ruling by *Leahy*, C. J.

Plaintiff contends that the testator intended to create a life estate in his wife with remainder over to the plaintiff. Defendants contend that the clause was intended to create a fee simple in the wife of the testator and that any gift over was void and that since the wife had no heirs in the descending line (RSA 551:12), the lapsed gift to her passed by intestacy to the testator's heirs. *Loveren* v. *Donaldson*, 69 N. H. 639.

What we seek is the intention of the testator as shown by the language of the whole will in the light of all the surrounding circumstances (*In re Merrill Estate*, 106 N. H. 99), and in doing so we give due weight to the presumption against intestacy. *In re Segal Estate*, 107 N. H. 120; *Merchants &c. Bank* v. *Berry*, 93 N. H. 388.

We hold that the testator intended that his wife have a life estate with unlimited power of disposition during her lifetime only, with remainder over to Kenneth Frank Dennett of anything left undisposed of by her.

While the will states that the remainder is to be "her absolute property," this is immediately followed by the phrase "provided, however," clearly indicating that what follows qualifies what came before. The testator then, unlike the testator in *Brown* v. *Eastman*, 72 N. H. 356, disposed in his own right of whatever should remain undisposed of by her during her lifetime. This clearly shows an intention not to permit whatever remained undisposed of upon his wife's death to pass by her will or by intestate succession through her. The language is "sufficient to create a remainder" in Kenneth Frank Dennett "and as used in this will showed an intention to do so." *Grant* v. *Nelson*, 100 N. H. 220, 221, 222; *Belford* v. *Olson*, 94 N. H. 278. See

*In re Segal Estate, supra.* Since the life tenant predeceased the testator, the remainder vested in Kenneth Frank Dennett at the death of the testator. *Brown* v. *Brown,* 43 N. H. 17; 6 Page on Wills ( Bowe-Parker Rev. ) *s.* 50.4.

The executor should be instructed to distribute the remainder of the estate to himself as legatee.

*Remanded.*

All concurred.