Strafford Probate Court,
No. 5601.

IN RE ETHEL W. DEVIN ESTATE.

Argued April 4, 1967.
Decided June 30, 1967.

*Calderwood, Silverman & Ouellette* ( *Mr. Raymond R. Ouellette* orally ), for the executrix as amicus curiae.

*Burns, Bryant, Hinchey & Nadeau* ( *Mr. Donald R. Bryant* orally ), for Elizabeth R. Frost estate.

*Frank W. Peyser*, guardian ad litem, filed no brief.

GRIMES, J. The residuary clause is ambiguous in the light of the contingency which has occurred. " The testatrix's intention, proved by competent evidence, is her will, and is not to be defeated by rules of construction. " *Silsby* v. *Sawyer*, 64 N. H. 580, 585. We determine that the will as a whole when read in the light of all the attending circumstances shows that the testatrix desired that the residue of her estate should be confined to the residuary legatees. We apply the class gift concept to effectuate

her real purpose, even though the language of the residuary clause is not ordinarily calculated to create a class gift. *Roberts* v. *Tamworth*, 96 N. H. 223; Annot. 36 A.L.R. 2d 1123; 2 Simes & Smith, Future Interests (2d *ed.*) *s.* 613; 57 Am. Jur., Wills, *ss.* 1258, 1453; Cooley, What Constitutes a Gift to a Class, 49 Harv. L. Rev. 903; *Fowler* v. *Whelan*, 83 N. H. 453. In this case, contrary to the situation in *Upton* v. *White*, 92 N. H. 221, the extrinsic evidence shows that the testatrix intended that the survivor should take all the residue.

Sarah L. Frost and Elizabeth R. Frost, both graduates of Smith College, were sisters of Mary Frost Sawyer who was a classmate and roommate of Miss Devin at Smith College. Sarah and Elizabeth, both unmarried, lived together in Dover within a half mile of the testatrix. After the death of Mary, they were her closest friends and they saw a " good deal of each other. " She was also very friendly with the only heirs of Sarah and Elizabeth, their nephews and grandniece and grandnephew, to each of whom she bequeathed a sum of money. Because they were so friendly and lived so close, the testatrix must have known of Sarah's death three months before hers and knew she had no heirs in the descending line.

Unlike the situation of the legatees in *Upton* v. *White, supra*, Sarah and Elizabeth Frost had a natural relationship to each other and constituted a family group which was associated with the testatrix in a common and mutual connection. They had common attributes in their relation to the testatrix and to each other. 96 C.J.S., Wills, *s.* 693, *p.* 28. It is not necessary to the class gift concept that the legatees be blood relatives of the testatrix. *Krog* v. *Hafka*, 413 Ill. 290; *Kirkland* v. *Moseley*, 109 S. C. 477; *Jennings* v. *Newman*, 359 Mo. 276.

Miss Devin knew that Martha Conway, who lived in Spokane, Washington, and to whom she bequeathed $5,000, was her closest relative. If Miss Devin had intended that Martha Conway should take part of the residue in the event one of the Frost sisters predeceased her, it is improbable that she would choose to let it pass by intestacy instead of saying so in the will. The language of the residuary clause and the extrinsic evidence show an intention to die testate as to all of her property and that the residue be confined to the residuary legatees. *Fowler* v. *Whelan, supra*. In so deciding, we give due weight to the presumption

against partial intestacy. *In re Segal Estate*, 107 N. H. 120; *Merchants &c. Bank* v. *Berry*, 93 N. H. 388.

We dispose of the certified questions by holding that the entire residue passes to the estate of Elizabeth R. Frost.

*Remanded.*

All concurred.