Rockingham Probate Court,
No. 5874.

IN RE CORA P. FALCONER ESTATE.

Argued January 7, 1969.
Decided June 30, 1969.

*Sheehan, Phinney, Bass & Green* and *Alan L. Reische* (*Mr. Reische* orally), for Clayton W. Priest.

*Calderwood, Silverman & Ouellette* and *Laurence E. Kelly* (*Mr. Raymond R. Ouellette* orally), for Dorothy A. Falconer.

*Wadleigh, Langdell, Starr, Peters & Dunn* (*Mr. Theodore Wadleigh* orally), for estate of William Falconer.

Kenison, C. J. The primary question in this case is whether gifts to be paid from the residue of an estate to nephews of the testatrix' husband, at the latter's decease, lapse because the nephews predeceased the husband, although they survived the testatrix. Although the briefs of counsel speak in terms of the nephews' interest as being vested on the one hand or contingent on the other hand, they all recognize that the pivotal question is whether the will contains a requirement of survival of the husband. "Judicial opinions in this field are full of discussion as to whether the interest in litigation is 'vested' or 'contingent,' but, after having labored for the answer to that question, if they have concluded that it is 'vested,' it is then necessary for them to face and to decide whether this 'vested' interest is or is not defeasible by nonsurvival. Words and mental energy would have been saved and the clarity of the law would have been enhanced by an immediate consideration of the commonly decisive question, namely, the presence or absence of a requirement of survival." 2 Powell, Real Property, *s.* 326, *n.* 2 (1967).

Upon an agreed statement of facts, the Rockingham probate court (*Treat,* J.) certified questions of law concerning the construction of the will, the answers to which were "prerequisites to [the Probate Court] passing upon a final accounting and making a decree of distribution . . . ." RSA 547:30; *In re Harrington Estate*, 97 N. H. 184; *In re Grondin Estate*, 98 N. H. 313, 315; *In re Peterson Estate*, 104 N. H. 508, 509-510.

Cora P. Falconer died testate June 29, 1963. Her will, executed in 1958 and a codicil dated February 20, 1963, placed her entire estate in trust with the net income payable to her husband during his life, and discretion in the trustee to invade the principal if required for his comfortable support and enjoyment. The will provided that at the decease of the husband numerous bequests should be paid to nephews and nieces of the testatrix and her husband. The husband died on March 7, 1966. The two clauses of her will which are involved in this case are 3(o) and 3(v) which read as follows:

"3. At the decease of my said husband . . . .

"(o) I give and bequeath to my husband's said nephews, William Falconer and Charles M. Falconer, the sum of SEVENTY-FIVE HUNDRED ($7500) DOLLARS each.

"(v) Of all the rest, residue and remainder of my estate, I give, devise and bequeath one-third (1/3) thereof to William Falconer, of Waban, Massachusetts; one-third (1/3) thereof to Charles M. Falconer, of Concord, New Hampshire and one-third (1/3) thereof to my nephew, Clayton Priest, of Manchester, New Hampshire." Both the husband's nephews survived the testatrix but predeceased her husband. Charles M. Falconer died testate October 2, 1963 and William Falconer died testate on December 3, 1964.

It is undisputed that neither the pecuniary bequests to the husband's nephews (clause 3(o)) nor the residuary bequests (clause 3(v)) contained any express requirement of survival. We proceed to consider whether a requirement of survival is to be implied from the language of the bequests themselves or from the dispositive plan of the testatrix as a whole. "If the beneficiary has survived the effective date of the dispositive instrument, however, it is generally recognized that no further requirement of survival exists *merely* because full beneficial enjoyment is postponed to some subsequent date." 5 American Law of Property, *s.* 21.10, *p.* 142 (1952). Our decisions have recognized and applied this principle in many contested cases construing wills. *Colony* v. *Colony,* 97 N. H. 386, 390; *Abbott* v. *Lewis,* 77 N. H. 94, 97; *Osgood* v. *Vivada,* 94 N. H. 222, 225; *Upton* v. *White,* 92 N. H. 221, 226; *Kennard* v. *Kennard,* 63 N. H. 303, 309. The language of both clauses 3(o) and 3(v) identifies the nephews as existing persons and the bequests are couched in language of a present gift. Cf. *In re Davis Estate,* 108 N. H. 163. These are factors which tend to establish the absence of a condition precedent of survival on their part and militate against construing the gifts as requiring an implied condition of survivorship. Restatement, Property, *ss.* 256, 257; 1 Casner, Estate Planning, 548 (3rd *ed.* 1961); *Holyoke National Bank* v. *Kane,* 348 Mass. 786. A requirement of survival is not to be implied in the absence of language or a dispositive plan indicating a purpose to impose such a condition. *Benton* v. *Benton,* 66 N. H. 169, 170; *Abbott* v. *Lewis, supra,* 98; *Colony* v. *Colony, supra.*

In the codicil to her will the testatrix revoked a pecuniary

bequest (clause 3(m)) to one of her nephews, "as Elma Whittier is now deceased." It is the contention of the surviving residuary legatee, Clayton Priest, that this revocation demonstrates an intent to require survivorship. The codicil made no changes in clauses 3(o) and 3(v) of the will nor did it add any requirement of survival to any other bequest in the will. Nowhere in the will or the codicil is there any requirement that any legatee shall survive the testatrix's husband. The testatrix indicated no common scheme or purpose to benefit only remaindermen living at the time of her husband's death. The impact of the codicil was limited only to the bequest for Elma [Elmer] Whittier. See *Buber* v. *Buber,* 85 N. H. 160; *Kennard* v. *Kennard,* 63 N. H. 303; 2 Powell, Real Property, *s.* 331 (1967).

The will provided that the trustee could invade the principal if required for the comfortable support and enjoyment of the husband and specifically directed that the "trustee be liberal with my husband so that he will not want in any way." This power to consume or invade the principal could reduce to the vanishing point the share the husband's nephews could take under clauses 3(o) and 3(v) but it did not make their interest subject to the requirement of survival of the husband. *Grant* v. *Nelson,* 100 N. H. 220, 222; *Chisholm* v. *Bradley,* 99 N. H. 12, 14; Schwartz, Future Interests and Estate Planning, *s.* 9.3 (1965); Restatement, Property, *s.* 276. A requirement of survival is not to be implied from a contingency unrelated to survival. Cf. *Colony* v. *Colony,* 97 N. H. 386, 390-391. The power of the trustee to invade or consume the whole or a part of the principal of the trust was a contingency limiting the quantum of the bequests to the husband's nephews but it was unrelated to survival and implied no requirement of survival. Schwartz, *supra, s.* 9.9; 5 American Law of Property, *s.* 21.31a (1952).

The Probate Court is advised that the bequests to William Falconer and Charles M. Falconer, nephews of the testatrix's husband, under clauses 3(o) and 3(v) are valid and that the entire residue does not pass to surviving residuary legatee, Clayton Priest. As William Falconer and Charles M. Falconer died testate their bequests pass to their personal representatives for distribution in accordance with their respective wills.

*Remanded.*

All concurred.