Rockingham
No. 6486

CONCORD NATIONAL BANK & a.,
TRUSTEES UNDER WILL OF EWING HILL

v.

EDWARD LEWIS HILL & a.

September 28, 1973

*Sulloway, Hollis, Godfrey & Soden (Mr. James B. Godfrey orally)*

for Concord National Bank and Edward Lewis Hill, trustees under will of Ewing Hill, petitioners.

*Perkins, Holland, Donovan & Beckett (Mr. William H. M. Beckett* orally) for Ewing Hill Buysse and George A. P. Oliver, petitionees.

*McLane, Carleton, Graf, Greene & Brown* and *Arthur G. Greene (Mr. Greene* orally) for Franklin K. Hill, Elizabeth Hill, Edward Lewis Hill, and Joyce M. Hill Atkinson, petitionees.

*Orr and Reno* and *Richard B. Couser (Mr. Couser* orally) for Michael H. Holmes, petitionee, and John W. Holmes and Title Insurance & Trust Company of Los Angeles as trustees, intervenors.

GRIFFITH, J. Ewing Hill, Jr., died without issue on April 11, 1948, leaving a will dated June 5, 1944, and a codicil dated November 28, 1945. The residuary clauses contained in both the will and the codicil provided for alternative dispositions in the event that the residuary estate did, or did not, exceed $100,000. The parties stipulate that the residuary estate did exceed that amount and, therefore, only those provisions which are applicable will be considered.

The testator had two brothers and a sister each of whom, unlike the testator, had several children. One brother, Daniel A. Hill, predeceased the testator and left four children, Franklin K. Hill, Elizabeth Hill, Kathryn Hill Holmes and Daniel A. Hill, Jr. The surviving siblings of the testator, Charles Van Dyke Hill and Florence Hill Buysse Oliver, had a total of five more children. Edward Lewis Hill and Joyce M. Hill Atkinson were born to Charles. Ewing Hill Buysse, Octavia Hill Buysse and George A. P. Oliver, Jr., were the offspring of Florence. The testator's surviving brother and sister and all nine nephews and nieces were known to the testator when he executed his will and codicil and all of them survived the testator.

Paragraph eight of the testator's will made his surviving brother and sister and eight of his nine nieces and nephews

life income beneficiaries of a trust to be divided into ten equal shares. The remaining nephew, Daniel A. Hill, Jr., was omitted by the testator because he had failed at a business in which the testator had invested. The codicil altered this relatively uniform scheme by providing that Octavia Hill Buysse receive the income for her life from three of the ten equal shares of the trust. Concomitantly, the testator directed that Ewing Hill Buysse and George A. P. Oliver, Jr., would each receive the income for their lives from one of the ten equal shares of the trust only if Octavia Hill Buysse married. The testator's choice to increase the bequest to Octavia is explained by her lifelong illness and inability to provide for herself. The shares of Ewing Hill Buysse and George A. P. Oliver, Jr., were reduced to conditional bequests because they had benefited under the will of the testator's father, Ewing Hill, Sr.

Because the life income beneficiaries all survived the testator and were personally known to him, the testator could specifically name them and their identities are undisputed. The identities of descendants of the life income beneficiaries were less clear to the testator. The necessarily descriptive provisions directing distribution of the trust corpus to a more remote generation of descendants present the problems in this case. Paragraph two of the codicil states: "Upon the death of any beneficiary other than Charles Van Dyke Hill and Florence Hill Oliver, the principal of his or her trust fund shall be paid over to the children of any such beneficiary, if any, in equal shares. Upon the death of Charles Van Dyke Hill and Florence Hill Oliver, the trust fund held for his or her benefit, and in the event of the death of any other beneficiary without leaving children, the trust funds held for his or her benefit, shall be divided into as many equal shares as there are trust funds held for the benefit of other beneficiaries, one share added to each trust fund held for such other beneficiaries."

The first life income beneficiary to die was the testator's sister, Florence Hill Buysse Oliver, who died August 28, 1966. Her share of the principal was properly divided into nine equal parts, and one part was added to each of the nine

other shares. After this initial distribution, the trust corpus was held in nine equal shares for the seven surviving income beneficiaries. Octavia Hill Buysse continued to receive income from three shares.

The second life income beneficiary to die was Kathryn Hill Holmes, who died January 6, 1968. In accordance with the codicil, the one-ninth share of the trust principal held for her benefit was distributed to her son and only child, Michael Holmes, free of the trust. He then transferred the funds to a living trust which he created, designating John W. Holmes and Title Insurance and Trust Company of Los Angeles as trustees. After this second distribution, the trust corpus was held in eight equal shares for the six surviving income beneficiaries.

Charles Van Dyke Hill died on April 18, 1969, and Octavia Hill Buysse died childless and unmarried on July 6, 1969. Concord National Bank and Edward Lewis Hill, trustees of the estate of Ewing Hill, Jr., brought a petition for instructions in the superior court to determine whether Ewing Hill Buysse, George A. P. Oliver, Jr., and Michael Holmes, as successor in interest to his mother Kathryn's share, may participate in the distributions of the shares held for the benefit of Charles and Octavia the two deceased income beneficiaries who died in 1969. The controversy was tried to a Master (*Arthur H. Nighswander,* Esq.) whose report held that Michael Holmes was entitled to participate in the distributions while Ewing Hill Buysse and George A. P. Oliver, Jr., were not so entitled. The fees of counsel for each of the parties were ordered paid from the trust corpus. The master's report was approved and the exceptions of George A. P. Oliver, Jr., Ewing Hill Buysse, Edward Lewis Hill, Joyce Hill Atkinson, Franklin K. Hill and Elizabeth K. Hill were reserved and transferred by *Batchelder,* J.

The claim of Michael Holmes presents the question whether this testamentary trust gave his precedessor in interest, Kathryn Hill Holmes, a transmissible interest, one which could be transmitted by her at her death, by devise or descent, if she failed to survive the dates upon which distributions of principal would have been made to her personally, had she lived.

"A requirement of survival is not to be implied in the absence of language or a dispositive plan indicating a purpose to impose such a condition." *In re Falconer Estate,* 109 N.H. 460, 462, 254 A.2d 827, 828 (1969); *Benton v. Benton,* 66 N.H. 169, 170, 20 A. 365 (1889); *Abbott v. Lewis,* 77 N.H. 94, 98, 88 A. 98, 100 (1913). There is no express requirement of survival in the codicil's direction that the trust funds held for the benefit of Charles Van Dyke Hill and Octavia Hill Buysse "shall be divided into as many equal shares as there are trust funds held for the benefit of other beneficiaries, one share added to each trust fund held for such other beneficiaries." The word "held" is not modified so as to address the question of survival. The language does not indicate whether the funds subject to distribution may be divided and then added to other funds "held" at the time of the testator's death or to other funds "held" at some subsequent time such as the time of distribution. This ambiguity may reflect the testator's lack of intent to require survival but, "[i]f courts can fairly and reasonably ascertain the decedent's desire from the will, intellectual honesty requires that they say so without resorting to a fiction of intent where none existed." *Roberts v. Tamworth,* 96 N.H. 223, 225, 73 A.2d 119, 121 (1950).

Mere postponement of possession does not necessitate that the remainderman be living when the prior estate terminates in order for his interest to become effective. *In re Falconer Estate,* 109 N.H. 460, 254 A.2d 827 (1969); *Colony v. Colony,* 97 N.H. 386, 390, 89 A.2d 909, 911 (1952); 5 American Law of Property § 21.10 (A. J. Casner ed. 1952); Halbach, *Future Interests: Express and Implied Conditions of Survival,* 49 Calif. L. Rev. 297, 431 (1961).

Nothing in the will or codicil indicates the testator's desire to so closely relate the ultimate pattern of distribution of his property to the fortuitous order in which the life income beneficiaries die, nor is there anything which contemplates a partial intestacy. As detailed a residuary clause as there is in this will and codicil indicates that no intestacy was intended. *Jacobs v. Bean,* 99 N.H. 239, 242, 108 A.2d 559, 562 (1954); *White v. Corinthian Lodge,* 100 N.H. 138, 121 A.2d 795 (1956). We give due weight to the constructional

preference against intestacy in rejecting a requirement of survival in this case. *In re Devin Estate,* 108 N.H. 190, 230 A.2d 735 (1967); *Dennett v. Osgood,* 108 N.H. 156, 229 A.2d 689 (1967); *In re Segal Estate,* 107 N.H. 120, 218 A.2d 53 (1966).

Other factors that "militate against construing the gifts as requiring an implied condition of survivorship" (*In re Falconer Estate,* 109 N.H. at 462, 254 A.2d at 828) are that the residuary bequest is made in language of present gift (*Buber v. Buber,* 85 N.H. 160, 155 A. 54 (1931); Restatement of Property § 256 (1940)) and the testator's two surviving siblings and his nieces and nephews are identified as existing persons. *Kennard v. Kennard,* 63 N.H. 303 (1885); Restatement of Property § 256 (1940). We conclude that this testamentary trust gave Kathryn Hill Holmes, predecessor in interest of Michael Holmes, a transmissible remainder interest so that she need not have survived the dates set for distributions of principal in order to come into possession. Accordingly, Michael Holmes shares equally with the remaining life income beneficiaries in the distribution of the funds held for the benefit of Charles Van Dyke Hill and Octavia Hill Buysse.

We proceed to consider the interests of Ewing Hill Buysse and George A. P. Oliver, Jr. The circumstance that these brothers of Octavia Hill Buysse were benefitted by the will of the testator's father explains the testator's action in omitting them as equal life tenants and remaindermen with the other nieces and nephews. They were only to participate as equal life tenants and remaindermen if Octavia married. Thus, Octavia had a life estate defeasible on her marriage in three of the ten equal shares of the trust. *See Clough v. Clough,* 71 N.H. 412, 52 A. 449 (1902). When Octavia Hill Buysse died without ever having married, the life estate in her shares was terminated. This also had a collateral effect upon the executory interests of George A. P. Oliver, Jr., and Ewing Hill Buysse. Their executory interests in two of the three shares were subject to the condition precedent of Octavia's marriage which condition became impossible of fulfillment on Octavia's death, thereby extinguishing the

executory interests. Restatement of Property § 239 (1940). During the lifetime of Octavia Hill Buysse, the trust funds were held for her benefit. No funds were ever held for Ewing Hill Buysse and George A. P. Oliver, Jr., because their executory interests never became vested interests.

A motion for payment out of the trust of attorney's fees and expenses was filed and allowed by the superior court. The court found that "this proceeding is essential to proper administration of the trust in order to determine certain substantive and material issues made necessary by ambiguities and deficiencies in the will. The petition was brought by the Trustees and claims have been made in good faith." There was no abuse of discretion in allowing reasonable attorneys' fees and incidental expenses to be paid to counsel for each of the parties out of the corpus of the trust under the circumstances of this case. However, the allowance of attorneys' fees to all counsel in every case is a practice not to be encouraged. See *Concord National Bank v. Haverhill*, 101 N.H. 416, 419, 145 A.2d 61, 63 (1959); *Bean v. Bean*, 74 N.H. 404, 68 A. 409 (1907).

*Exceptions overruled; remanded.*

All concurred.